Laramore, Judge,
delivered the opinion of the court:
Plaintiffs sue for recovery of income taxes paid on reported capital gains resulting from exchange of stock in one corporation for voting stock in another. The question to be determined in this case is whether the transaction, as later outlined, was a non-taxable exchange under section *650 112(b) (3) of the Internal Revenue Code of 1939, 26 U.S.C. § 112(b)(3) (1952).
In 1912 the American Machine & Foundry Company (hereinafter called American), a New Jersey corporation, acquired in exchange solely for 11,000 shares of its common stock (which was its only stock having voting rights) 65,375 shares of the capital stock of International Cigar Machinery Company (hereinafter called International). In the same exchange, American also acquired several other items not material to this case. The capital stock of International was its only stock and its sole voting stock. The 65,375 shares represented 65.375 percent of International’s 100,000 total issued shares of capital stock. In 1952, American offered the shareholders of International ah exchange of one and one-third shares of its common stock for each share of the capital stock of International. Consummating the acceptance of this offer, American issued 235,918% shares of its common stock to the shareholders of International in exchange for 176,939 shares of capital stock of that company. Due to the fact that the capital stock of International had been split three-for-one in 1927, and two-for-one in 1930, these 176,939 shares amounted to 29.489 percent of its total issued outstanding stock. Therefore, in 1952 American owned 94.864 percent of the voting stock of International which it had obtained solely in exchange for shares of its own voting stock. On 10 separate occasions between 1929 and 1951 American had purchased on the market an adjusted total of 16,150 shares of International stock which comprised 2.691% percent of that company’s outstanding stock.
In 1952, George Arents and Lena Arents were the owners respectively of 18,000 and. 100 shares of capital stock of International and upon acceptance of American’s offer they received in exchange for these shares, 24,000 and 133% shares respectively of the common stock of American. In their joint income tax return for the year 1952, George Arents reported a capital gain of $283,164.65 and Lena Arents reported a capital gain of $766.67 resulting from the aforesaid exchanges. Lena Arents died in 1954 and George Arents died in 1960. The executors of their estates are pursuing a claim for refund filed in 1954, contending that the taxpayers erroneously paid *651 $48,268.34 in taxes on the capital gains reported as resulting from the stock exchanges made in 1952. They contend that the 1952 exchange of stock was an exchange on reorganization within the provisions of section 112(b) (3) of the Internal Revenue Code of 1939, supra, resulting in no recognized gain or loss.
Section 112(b) (3) of the 1939 Code, supra, provides:
❖ * # * *
No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.
Section 112(g) (1) (B), 26 U.S.C. (I.R.C. 1939), § 112(g) (1) (B) (1952), defining reorganization as used in section 112(b) (3), provides:
(1) The term “reorganization” means * * * (B) the acquisition by one corporation, in exchange solely" for all or a part of its voting stock, of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of another corporation, * * *.
In essence the plaintiffs contend that the 1952 exchange of stock increased American’s holdings of International’s stock over the 80 percent requirement of section 112(g) (1) (B) solely by exchanging its own voting stock for that of International, and therefore this 1952 exchange was a tax free' reorganization under section 112(b)(3). The Government contends it was not a tax free reorganization for two reasons: (1) American did not acquire 80 percent of International’s-stock in one single transaction; (2) American did not acquire International stock solely for its own stock but also-for cash.
However, for reasons which will become apparent, we will' at the outset discuss the second contention urged by the defendant; i.e., did the acquisition of stock for cash between 1929 and 1951 prevent the 1952 stock for stock exchange from being a reorganization under the terms of section 112(g)(1)(B).
The Seventh Circuit in the case of Howard v. Commis *652 sioner, 238 F. 2d 943, wherein the acquiring corporation obtained 80.19 percent of the stock of the acquired company in exchange for its own stock and in the same transaction purchased the remaining 19.81 percent of stock for cash, held that due to the cash payment the transaction failed to meet the “solely” requirement of section 112 (g) (1) (B) of the 1939 Code and, therefore, was not a tax free reorganization •under section 112(b) (3). This decision followed a similar holding by the Supreme Court in Helvering v. Southwest Consolidated Corporation, 315 U.S. 194, construing section 112(g)(1) of the Bevenue Act of 1934, 48 Stat. 680, 705. In that case, at page 198 of the opinion, the Court in plain ■and unequivocal language stated:
* * * Congress has provided that the assets of the transferor corporation must be acquired in exchange “solely” for “voting stock” of the transferee. “Solely” leaves no leeway. Voting stock plus some other consideration does not meet the statutory requirement.
The facts in the case at bar show that there were cash purchases involved in plaintiffs’ stock acquisition prior to the 1952 stock for stock transaction. Consequently, in light of the above two cases, we can only hold that the 1952 exchange in the instant case did not meet the statutory requirement of section 112(g) (1) (B) and, therefore, was not a reorganization thereunder.
Although plaintiffs contend that the cash transactions were not part of the 1952 exchange and therefore do not prevent the 1952 exchange from being considered an exchange “solely” of stock for stock, it must be borne in mind that the 1952 exchange was not by itself an exchange for 80 percent of the stock of the acquired corporation, and therefore did not meet that requirement of section 112(g) (1) (B). Although we do not find it necessary to consider the question of whether the 1912 exchange of stock “solely” for stock and the 1952 exchange can be combined in order to meet the 80 percent requirement of section 112(g) (1) (B), we do not see how the plaintiffs can take advantage of the unrelated 1912 exchange in order to meet the 80 percent requirement and at the same time disregard the similarly unrelated cash purchases. In our view, the plaintiffs’ claim must stand or fall *653 on the actual transactions which occurred and the plaintiffs-cannot pick and choose for consideration those transactions which, considered by themselves, would make the 1952 exchange a reorganization.
It must be remembered that the statutory exemptions for tax purposes are a matter of legislative grace, and must be strictly construed. In view of the plain language of section 112(g) (1) (B) and the prior constructions of this language in Helvering v. Southwest Consolidated Corporation, supra, and Howard v. Commissioner, supra, we hold that the 1929' to 1951 cash transactions prevent the 1952 exchange from being a tax free reorganization and, therefore, bar plaintiffs from receiving the tax advantages arising out of section 112(b)(3).
As an alternative, however, plaintiffs, relying on Howard v. Commissioner, supra, contend that even if the 1952 exchange was not a reorganization under section 112(g) (1) (B) and, therefore, not exempt from recognition of gain Trader-section 112(b)(3) because of the prior cash transactions,, their part of the 1952 exchange being only of stock for stock is not a recognizable gain for tax purposes according to section 112(c) (1) of the 1939 Code.
Section 112(c) (1) provides:
(1) If an exchange would be within the provisions of subsection (b)(1), (2), (3), or (5), * * * of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph * * * to be received without the recognition of gain, but also of other property or money, then the gam, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.
In Howard v. Commissioner, supra, as noted earlier in this opinion, the court found that there was no tax free reorganization because the 80.19 percent of the stock of the acquired corporation was obtained in exchange for stock and 19.81 percent for cash. The court went on, however, to find that the taxpayers in that case were entitled to non-recognition of their gain resulting from the exchange under section 112(c) (1) because they had only received stock in exchange *654 .for tbeir stock in the acquired corporation and did not receive any of the cash involved in the transaction. We think this decision by the Seventh Circuit was erroneous, :as the Supreme Court so indicated in Turnbow, infra. Section 112(c) (1) only applies if a section 112(b) (3), supra, reorganization is not tax free because property other than stock or securities was involved in the exchange. Thus, there must first be a section 112(b) (3) reorganization before section 112(c)(1) can become operative. Section 112(b)(3) reorganizations can be any one of six different types and are •defined in section 112(g)(1). Section 112(g)(1) in its ■entirety provides:
(1) The term “reorganization” means (A) a statutory merger or consolidation, or (B) the acquisition by one corporation, in exchange solely for all or a part of its voting stock, of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of another corporation, or (C) the acquisition by one corporation, in exchange solely for all or a part of its voting stock, of substantially all the properties of another corporation, but in determining whether the exchange is solely for voting stock the assumption by the acquiring corporation of a liability of the other, or the fact that property acquired is subject to a liability? shall be disregarded, or (D) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its shareholders or both are in control of the corporation to which the assets are transferred, or (E) a recapitalization, or (F) a mere change in identity, form, or place of organization, however, effected.
In this case there was no reorganization as defined in ¡section 112(g) (1) (B) (the only kind of reorganization •contended for by plaintiffs), and therefore section 112 (b) (3) ■does not enter into the picture. This being so, section 112(c) (1) is also entirely irrelevant to the case.
This does not mean that section 112(c)(1) can never ¡apply to section 112(b) (3) type transactions when property •other than stocks or securities are involved in the transaction. This opinion only determines that it does not apply when the taxpayer who is claiming a section 112(g) (1) (B) or *655 (C) reorganization fails to meet the requirements of either of those sections because the exchange was not solely for stock. For instance, a taxpayer might have a section 112(g) (1) (A) reorganization (a merger) in which both stock and some other property are given in exchange. This transaction would not be a tax free reorganization under section 112(b) (3) because property other than stock or securities was involved. However, in that event, under section 112(c) (1) those taxpayers who received stock in the transaction would not have to report a gain while those taxpayers who received the other property would have a recognized gain on this other property.
We believe this must have been the view of the Tax Court in Richard M. Mills, 39 T.C. 393, where the plaintiffs claimed a reorganization under section 368 (a) (1) (B) of the 1954 Internal Revenue Code, which is comparable to section 112(g) (1) (B) of the 1939 Internal Revenue Code. In that case, close to 100 percent of stock and a minimal percent of cash were exchanged for stock in the acquired corporation. The Tax Court held, without mentioning the Howard case, supra, that there was no tax free reorganization and that section 356(a) (1) of the 1954 Code, which is comparable to section 112(c) (1) of the 1939 Code, did not apply. It based its decision solely upon the decision of the Supreme Court in the recent case of Turnbow v. Commissioner, 368 U.S. 337.
In Turnbow, the Court held that section 112(c) (1) did not apply because the involved exchange was one of 70 percent cash and 30 percent stock, thus not meeting the basic 80 percent stock requirement of section 112(g) (1) (B).
We also believe the Turnbow case to be determinative of the alternative issue in this case, inasmuch as here, as in the Turnbow case, there was no section 112(g) (1) (B) reorganization.
For the above reasons, plaintiffs’ petition must be dismissed.
Davis, Judge; DtjRfee, Judge; and Jones, Chief Judge, concur.