KING CHRISTIAN ENTERPRISES, INC.

v.

THE GOVERNMENT OF THE VIRGIN ISLANDS, Appellant

No. 15,104

United States Court of Appeals

Third Circuit

Argued January 27, 1965

Decided March 24, 1965

*See, also, 345 F.2d 633*

FRANCISCO CORNEIRO, Attorney General, St. Thomas, Virgin Islands, *for appellant*

RUSSELL B. JOHNSON, St. Croix, Virgin Islands, *for appellee*

Before MARIS, McLAUGHLIN and FREEDMAN, *Circuit Judges*

MARIS, *Circuit Judge*

This appeal by the Government of the Virgin Islands from a judgment entered in the District Court of the Virgin

Islands involves the question whether the district court erred in adjudging, contrary to a decision of the Governor of the Virgin Islands, that King Christian Enterprises, Inc., was entitled to tax exemptions and subsidies under the industrial incentive program of the Virgin Islands and in ordering the Government to take the necessary administrative steps to carry out the judgment.

These are the facts which were before the district court:

King Christian Enterprises, Inc., herein referred to as the Corporation, a Virgin Islands corporation with principal offices at Christiansted, St. Croix, during 1960 commenced the renovation of a number of buildings in Christiansted. On November 22, 1961 the Corporation applied to the Tax Exemption Board for tax exemptions and subsidies under the Act of July 5, 1957, No. 224, V.I.Sess.L. 1957, p. 146. The pertinent provisions of the Act are contained in section 5, as follows:

"Each person, firm or corporation engaged in the business of constructing or operating apartment houses, housing projects, industrial or commercial buildings, within the Virgin Islands, shall be eligible for the tax or fee exemptions and the subsidies provided for in section 6 of this Act; Provided there is a demonstrable capital investment of at least One Hundred Thousand ($100,000.00) Dollars; provided further that application for such subsidies and exemptions shall be made not later than December 31, 1960; and it is further provided, that no subsidies or exemptions shall be granted to any person for the construction of any home or dwelling to be occupied by himself or his family." 33 V.I.C. (1958 Supp.) § 4052.

By the Act of May 11, 1960, No. 551, V.I.Sess.L. 1960, p. 57, the time limit on making applications under section 5 was extended from December 31, 1960 to December 31, 1961.

Section 6 of the Act of 1957, 33 V.I.C. (1958 Supp.) §§ 4053–4056, provided for specific tax exemptions and subsidies to those qualifying under section 5 to continue for a period of 10 years. Section 9, 33 V.I.C. (1958 Supp.)

§ 4109, provided that the Act should be administered by the Board of Tax Review which for this purpose should constitute the Tax Exemption Board to which applications for tax exemptions and subsidies should be made. The Board was authorized to conduct hearings, make findings and recommend to the Governor the approval or disapproval of applications. Section 10, 33 V.I.C. (1958 Supp.) § 4110, authorized the Governor to grant tax exemptions and subsidies in the name of the Government of the Virgin Islands upon the recomendations of the Board.

The application of the Corporation to the Board stated the type of its business to be "Commercial buildings and apartments", and the amount of demonstrable capital then invested to be "$110,000.00 (as of June 30, 1961)". The land was described as waterfront property held on a 30 year leasehold and the buildings thereon were described as "7 stores (retail); 1 restaurant; 8 apartments".

On December 18, 1961 the Board held a hearing at which counsel for the Corporation appeared. On December 29, 1961 the Board held an executive session at which it voted to recommend to the Governor the denial of the application. Under date of February 2, 1962, the chairman of the Board transmitted to the Governor a communication from which we quote the following:

"Reference is made to application filed by King Christian Enterprises, Inc., on November 22, 1961, for Tax Exemption and Subsidies for 'Commercial Buildings and Apartments' with indication of $110,000 capital invested, as of June 30, 1961. . . .

\*　　　\*　　　\*

"A Public Hearing was held . . . on December 18, 1961 . . . .

"Subsequently, on December 29, 1961, the Board, in Executive Session, after lengthy discussion concluded that, 'King Christian Enterprises, Inc., does not seem to be engaged in the business of constructing or operating industrial or commercial buildings within the meaning of Section 4052 of our Tax Exemption Law'. (See Excerpts of Minutes of December 29, 1961.)

"Following this discussion it was regularly moved, duly seconded and unanimously voted that the application of King Christian Enterprises, Inc., be denied, and recommendation made to the Governor for disapproval thereof."

Thereafter the Governor, in a letter dated February 5, 1962, informed counsel for the Corporation as follows:

"Reference is made to application filed by you, on behalf of the above-named corporation on November 22, 1961, for Tax Exemption and/or Subsidies under our Industrial Incentive Program.

"The Virgin Islands Board of Tax Review (Tax Exemption Board) has carefully considered this application and has recommended disapproval of same.

"The Board holds that 'King Christian Enterprises, does not seem to be engaged in the business of constructing or operating industrial or commercial buildings within the meaning of Section 4052 of our Tax Exemption Law'.

"You are therefore advised that I concur with the findings of the Board, and that the application of King Christian Enterprises for Tax Exemption and Subsidies is disapproved."

In March 1962 the Corporation filed in the district court the present petition "to review the determination and findings of the Virgin Islands Board of Tax Review (Tax Exemption Board)" for an order directing the Government "to grant tax exemption and industrial subsidy" to it and for other appropriate relief. While the petition stated it was filed under section 9(b) of the Act of 1957[1] that section did not confer jurisdiction upon the district court but merely limited its exercise. The court did, however, have jurisdiction of the petition for review under 5 V.I.C. § 1421 et seq., as a petition for a writ of review.

The minutes of the Board disclose that at its executive session on December 29, 1961 the following took place:

"Mr. Ambrose stated that Mr. Hilty [the sole stockholder of King Christian Enterprises, Inc.] has renovated and/or constructed eight

---

[1] "(b) Decisions of the Board, as to questions of fact, shall be deemed final in any proceedings in any court except in such cases as it shall be conclusively shown that any such decision was arrived at by arbitrary or fraudulent means." Act of July 5, 1957, No. 224, sec. 9(b), V.I.Sess.L. 1957, p. 154, 33 V.I.C. (1958 Supp.) § 4109(b).

apartments on the second floor of this property and renovated and/or constructed some seven retail and gift shops, and one restaurant on the street level. The application indicated that about $110,000 has so far been invested in the eight apartments and eight stores. *It was pointed out therefore, that Mr. Hilty does not have $100,000 invested in apartment houses or industrial or commercial buildings alone.*" (Emphasis supplied.)

The petition for review was heard by the district court in December 1963. At the hearing the Corporation contended that it was qualified for the exemptions and subsidies it sought on the basis of the total amount of its investment. Its accountant testified that as of December 18, 1961, the date of the hearing before the Board, the total amount of the Corporation's investment was $104,000, but that this figure could not be broken down as to the separate amounts invested in the apartments and in the retail stores and restaurant. The Government contended that to qualify under section 5 of the Act an applicant must have invested at least $100,000 in apartment houses alone, in housing projects alone, in industrial buildings alone or in commercial buildings alone, and that the investments of an applicant in two or more of these types of enterprise could not be combined to make up the investment of $100,000 required by the Act.

Regarding the Corporation's total enterprise as a "waterfront apartment and shopping center" which is "commercial in nature" the district court rejected the Government's contention. Holding that the Corporation's investment in the enterprise on November 22, 1961 was in excess of $100,000 the court concluded that the Corporation qualified as a beneficiary of the industrial incentive program under the Act of 1957, and that the Board's recommendation and the Governor's decision denying its application were contrary to the Act and, therefore, arbitrary. On the basis of these conclusions the Court entered a judgment directing the Government to take the necessary administrative steps

to carry out the court's decision. From this judgment the present appeal was taken by the Government.

█ The Government contends at the outset that the district court exceeded its power when, in effect, it directed the Governor to grant the Corporation's application. We are wholly in accord with the Government's position in this regard. It is quite clear that the Legislature intended to confer upon the Governor, and the Board as his advisor, wide discretionary power to carry out the legislative intent to benefit the economy of the Territory by extending the benefits of the tax exemption and subsidy program to appropriate individuals and corporations. This intent is highlighted by the provisions of section 9(b) of the Act of 1957, V.I.Sess.L. 1957, p. 154, 33 V.I.C. (1958 Supp.) § 4109(b), that decisions of the Board as to questions of fact shall be final and not judicially reviewable except when arbitrary or fraudulent action is conclusively shown. And it is expressly indicated by section 4041 of 33 V.I.C., which was enacted by the Act of November 3, 1961, No. 798, V.I.Sess.L. 1961, p. 253, and which was in force when the Governor acted in this case. For that section limits the benefits of the program to those whose "industrial or business activity, in the judgment of the Governor of the Virgin Islands will promote the public interest by economic development of the Virgin Islands, and which requires for its establishment or expansion the granting of the tax exemption and subsidy benefits provided for" by the Act. And section 4113 of Title 33, V.I.C., also added by the Act of 1961, provides that the "findings, decisions or determinations by the Governor as to questions of fact shall be deemed final [on judicial review] in the absence of conclusive showing to the Court of fraud or misrepresentation."

The language of Chief Judge Magruder, speaking for the Court of Appeals for the First Circuit in Everlasting Development Corp. v. Descartes, 1951, 192 F.2d 1, a case

arising under the Industrial Incentive Act of Puerto Rico, is equally applicable to the case before us. He said (p. 6):

". . . Whether tax exemption is to be accorded to a particular applicant is not merely a question of law to be determined by a reading of and interpretation of statutory language. It involves, moreover, the weighing of complex economic factors, a forecast or prophecy of the extent to which an over-all gain in the Puerto Rican economy, in the direction of the statutory objectives, is to be anticipated from the launching of a proposed new industrial unit with the advantage of tax exemption. In the broad sense, the exercise of such a judgment is political in nature rather than judicial. It is a judgment which Act No. 184 clearly confided, not to the courts, but to the administrative determination of the Executive Council and, ultimately, to the executive determination of the Governor."

■ We conclude that the district court exceeded its power when it ordered the Government to grant to the Corporation the tax exemption and subsidy benefits which the Governor had denied it. But all this is not to say that the court was without power to review the action of the Board and the Governor in order to determine whether any error of law infected their proceedings or decision and to set aside the Governor's decision if such error was found and remand the case for further proceedings in accordance with the applicable rules of law properly applied. Section 1421 et seq. of Title 5 V.I.C. give the court this power. We turn then to consider the question whether the Board and the Governor did erroneously apply the law in this case.

The Corporation urges that the Board and the Governor erred in construing section 5 of the Act of 1957 as requiring the Corporation to show that it had invested $100,000 in apartment houses alone or in commercial buildings alone and, when it did not make such a showing, in concluding that it did not seem to be engaged in the business of constructing or operating industrial or commercial buildings within the meaning of the Act. The district court ap-

177

parently held that the Corporation's apartment and shopping center was a single commercial enterprise as to which its showing of investment was sufficient.

It will be observed that section 5 of the Act of 1957, which we have quoted in full above, is applicable to persons, firms or corporations "engaged in the business of constructing or operating apartment houses, housing projects, industrial or commercial buildings." Four different types of enterprise are listed in the disjunctive. An applicant may be eligible if he is engaged in the business of constructing or operating apartment houses, or if he is engaged in the business of constructing or operating housing projects, or if he is in the business of constructing or operating industrial buildings, or if he is in the business of constructing or operating commercial buildings. The section goes on to say that such an applicant shall be eligible "Provided there is a demonstrable capital investment of at least One Hundred Thousand ($100,000.00) Dollars."

██ It is a well settled rule that statutory exemptions from taxation, being a matter of grace, are to be strictly and narrowly construed. Texaco Puerto Rico, Inc. v. Descartes, 1 Cir. 1962, 304 F.2d 184, cert. den. 372 U.S. 907; Lutkins v. United States, Ct.Cl. 1963, 312 F.2d 803, cert. den. 375 U.S. 825. Applying this rule we are satisfied that section 5 of the Act of 1957 must be construed to require the showing of an investment of $100,000 with respect to any one of the four types of enterprise described in the section and that an applicant's investment in two or more of these types of enterprise may not be cumulated to make up the investment of $100,000 required by the statute. We hold, therefore, that the Board and the Governor did not err in so construing section 5 of the Act of 1957 and in holding that the Corporation was not engaged in the business of constructing or operating industrial or commercial buildings within the coverage of that section. And, we may add,

a similar conclusion with respect to the business of constructing or operating apartment houses would have been equally justified under the evidence.

The district court's finding that the Corporation's entire operation should be treated as a single enterprise because it is "commercial in nature" finds no support in the statute. For the statute is not directed to the business of constructing or operating an enterprise "commercial in nature" but rather to the business of constructing or operating "commercial buildings". Since these are differentiated in the statute from "apartment houses" it is obvious that the two different types of business cannot be combined into one for tax exemptions and subsidy purposes under section 5 of the Act of 1957 merely by calling the whole an enterprise "commercial in nature".

Our conclusion that the Board and the Governor did not commit an error of law in their construction of the statute renders it unnecessary for us to decide the more difficult question whether the provisions of the Act of November 3, 1961, No. 798, V.I.Sess.L. 1961, p. 253, 33 V.I.C. (1962 Supp.) § 4001 et seq., which made many changes in the industrial incentive program of the Virgin Islands and which superseded the Act of 1957 on January 1, 1962, became applicable to the Corporation's pending application on that date. If so, it will be observed that the Act of 1961 appears to have eliminated the construction and operation of apartment houses and the construction and operation of commercial buildings, the two enterprises in which the Corporation is engaged, from the enterprises for which exemptions and subsidies might be granted. It is true that section 3 of the Act of 1951 expressly saved tax exemptions or subsidies theretofore granted under laws existing prior to January 1, 1962, but in the case of the Corporation here no tax exemption or subsidy 'had been granted to it prior to that date.

The judgment of the district court will be reversed and the cause remanded with directions to dismiss the petition for review.