**DOREM CORPORATION, Appellant**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS**

No. 15,584

United States Court of Appeals

Third Circuit

Argued February 3, 1966

Decided April 7, 1966

*See, also, 358 F.2d 693*

JAMES H. ISHERWOOD, ESQ. (YOUNG, ISHERWOOD & MARSH), Christiansted, St. Croix, Virgin Islands, *for appellant*

FRANCISCO CORNEIRO, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before KALODNER, *Chief Judge,* and MARIS and ALD-RICH, *Circuit Judges*

MARIS, *Circuit Judge*

### OPINION OF THE COURT

This is an appeal by Dorem Corporation from a summary judgment in favor of the Government entered upon consideration of its petition to review the action of the Virgin Islands Board of Tax Review (Tax Exemption Board) and the Governor denying its application for tax

exemption and subsidies under the industrial incentive program of the Virgin Islands.

Dorem Corporation applied on November 17, 1961 for tax exemption and subsidy benefits under the statute then in force, the Act of July 5, 1957, No. 224, Sess. L. 1957, p. 146. The application stated that the applicant was a "corporation engaged in the business of construction and operation of shopping center, including leasing of commercial space to supermarket, discount house and related retail outlets." The amount of "demonstrable capital" then invested was stated to be in excess of $100,000.00. The evidence shows that at some time prior to 1961 the Rerpi Manufacturing Company had constructed in St. Croix a building designed for a factory. For some reason manufacturing was never commenced in the building and it was purchased for $110,000.00 by two individuals Gow and Hetnar, who desired to use it as a supermarket. They organized two corporations, Dorem Corporation and St. Croix Super Market. Title to the land and building was placed in Dorem Corporation which in turn leased the building to St. Croix Super Market for use as a supermarket. As officers of the latter corporation Gow and Hetnar have operated the supermarket.

■■ Section 5 of the Act of July 5, 1957, No. 224, provided in part here pertinent:

"Each . . . corporation engaged in the business of constructing or operating . . . commercial buildings, within the Virgin Islands, shall be eligible for the tax or fee exemptions and the subsidy provided for in section 6 of this Act; Provided there is a demonstrable capital investment of at least One Hundred Thousand ($100,000.00) Dollars; . . ."

The Board of Tax Review (Tax Exemption Board), the Governor and the District Court all took the view that under the facts Dorem Corporation did not qualify under section 5 for tax exemption and subsidies under the indus-

trial incentive program authorized by the Act of 1957. We agree. Admittedly Dorem Corporation was not in the business of constructing commercial buildings since the building which it offered as the basis for its claim had been already constructed by Rerpi Manufacturing Company and acquired as an existing building by Dorem Corporation by purchase. Obviously the mere transfer of title to the existing building from one owner to another did not advance the economic development of the Virgin Islands, which is the basic purpose of the industrial incentive program. King Christian Enterprises, Inc. v. Government, 3 Cir. 1965, 5 V.I. 170, 176, 345 F.2d 633, 636.

██ Nor was Dorem Corporation engaged in the business of operating commercial buildings. Operating a commercial building, in the sense in which that phrase was used in section 5 of the Act of 1957, must mean using the building for the purposes of a commercial enterprise which is being carried on, in whole or in part, therein. For this is the kind of operation of the building which would tend to advance the economic development of the Territory. Here the tenant, St. Croix Super Market, was and is actually operating the building in just this way, employing 45 people with an annual payroll of $115,000.00. Dorem Corporation, on the other hand, is not operating the building at all in any physical sense, since it has surrendered possession of it to St. Croix Super Market as its tenant. On the contrary it is merely acting as a real estate holding or investment company and thus necessarily confining its operations to the collection of rents, the payment of taxes and the other functions which fall to a landlord. While this might possibly be described as operating a building for rental or investment purposes, that is not an operation contemplated by the Act of 1957. Certainly it is not in any true sense operating a commercial building.

Since the business in which Dorem Corporation was engaged did not qualify under the Act of 1957 we need not consider the question to which the District Court also addressed itself, namely, whether Dorem Corporation had shown a demonstrable capital investment of at least $100,000.00 in its business.

The order of the District Court will be affirmed.