**CHARLES S. WAGGONER II, Plaintiff**

v.

**LEROY A. QUINN, Commissioner of Finance, Government of the Virgin Islands, Defendant**

Civil No. 79-210

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 8, 1983

CHARLES S. WAGGONER II, ESQ., St. Thomas, V.I., *plaintiff pro se*

THOMAS G. SMILEY, Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Plaintiff, an attorney practicing law in the Virgin Islands, has filed this action for a declaratory judgment seeking the Court to declare invalid a tax assessment made by the defendant Commissioner of Finance, Government of the Virgin Islands (hereafter "Government"), for gross receipts taxes, and the penalties and interest assessed therefrom. To total assessment made by the Government, for the tax years of 1973 through 1977 inclusive, is slightly in excess of $4,000. Pending before the Court is a summary judgment motion filed by the plaintiff pursuant to Fed. R. Civ. P. 56 and a cross motion for summary judgment filed by the Government. The issue, as generally recognized by both parties, is whether plaintiff, as a sole practitioner of law, is entitled to a tax exemption for the above specified years from the gross receipts tax pursuant to 33 V.I.C. §§ 41 and 43 as amended. For the following reasons, the Court finds that plaintiff is not entitled to the tax exemption.

The facts are generally not in dispute. The plaintiff is presently a resident of St. Thomas who was also a resident here during the tax years in dispute. Plaintiff is an attorney who makes his living from practicing law, generally in the capacity as a sole practitioner. Petitioner, pursuant to a request by the Government, submitted to the Government information as to his gross receipts from his practice of law. In 1978, based on this information, the Government made the assessments for money owed for gross receipts tax which is the basis of this law suit. See Affidavit of Anthony P. Olive, Deputy Director

of the Virgin Islands Bureau of Internal Revenue, dated February 24, 1983.

## DISCUSSION

The statutes which are controlling in this matter are 33 V.I.C. §§ 41 and 43 regarding gross receipts tax and exemptions thereto. They provide, respectively, in pertinent part:

> There shall be levied upon, collected from, and paid by individuals and firms, corporations, and other associations doing business in the Virgin Islands, the taxes provided for in this chapter, which taxes shall be computed in proportion to the extent of the business done in the Virgin Islands with respect to the pertinent transactions.

33 V.I.C. § 41 (Supp. 1982).

> *Every individual and every firm, corporation, and other association doing business in the Virgin Islands shall report their gross receipts and pay a tax of two percent on the gross receipts of such business.* The proceeds of gross receipts taxes shall be covered into the General Fund of the Treasury of the Virgin Islands; Provided, That every individual and association subject to the provisions of this section whose gross receipts are less than one thousand dollars ($1,000.00) in any one month shall be exempt from the payment of the gross receipts tax for that month, but if the gross receipts for any one month are one thousand dollars ($1,000.00) or more, then the tax levied by this section shall be paid on the total gross receipts for such month; Provided further, That all commissions paid for the sale of Virgin Islands Lottery tickets shall be exempt from gross receipts taxation. This section shall not apply to producers within the Virgin Islands of agricultural products, as that term is defined in Title 7, section 11 of this Code.

33 V.I.C. § 43(a) (Supp. 1982) (emphasis added).

■ The Court initially notes that §§ 41 and 43(a) must be read together for purposes of construction. Pan American World Airways v. Government of the Virgin Islands, 8 V.I. 82, 88–89 (D.V.I. 1970). Section 41 provides that individuals "doing business" in the Virgin Islands are subject to the tax. Section 43 designates those persons, businesses and associations which are exempt from the tax. Both parties agree that the decision of this case turns on whether the practice of law by an individual is considered "doing business." The

Court finds that in looking at the legislative history of these statutes, particularly § 43, it is clear that the Legislature intended the practice of law to be included in the definition of "doing business."

Prior to the 1973 amendment, § 43 provided that every individual doing business in the Virgin Islands would be subject to the gross receipts tax with the exception of the following:

> artisans, fishermen, tradesmen, or professionals such as are commonly understood to include doctors, lawyers, engineers, plumbers, electricians, barbers, and the like, who sell their skills or services on an individual and personal basis . . . .

1968 V.I. Act 2234, § 1 (1968 V.I. Session Laws at 38). The 1973 amendment, however, omitted all of this language and subsequent amendments provided for the specific exemption of lottery ticket commissions, agricultural products and banks.[1]

There is no question that this omission was intentional. In a discussion on the amendment by the Legislature, Senator Elmo Roebuck, a member of the Finance Committee which apparently had proposed the amendment, stated

> In section 43 dealing with rate and base of gross receipts tax exemption definition under this section, the change which was made was to apply the two percent rate across the board including professionals, and we anticipated conservatively that we would realize a total of $840,000 from this source.

Transcript of the discussion of Bill No. 6066, Act No. 3465 (Microfilm Cartridge Box #2), Regular Session, V.I. Legislature, June 29, 1973. See also Newkirk v. Wheatley, 1974 St. C. Supp. 288, n.1 (Nov. 7, 1974, Young, J.) (Court notes that exemption for professionals was repealed by Act No. 3465, 1973 Legislative Session).

▪ Without having to discuss whether the practice of law by ordinary definition or by common usage is or is not "doing business" as referred to in §§ 41 and 43, the Legislature, by its deletion of the exemption for "lawyers . . . and the like who sell their skills and services on an individual and personal basis" and the discussion of the 1973 amendment, intended this definition. To hold otherwise would, in essence, put back into § 43 all the exemptions that the Legislature deleted in 1973. As the Legislature has shown in the past, those persons, businesses, and associations that it intended to

---

[1] 33 V.I.C. §§ 43a–43c also provide for exemptions and partial exemptions for franchised bus operators, costume jewelry manufacturers, and osmosis water production plants.

grant an exemption were specifically granted one. Lawyers before 1973 were granted an exemption under § 43. But, as the Legislature has the power and authority to change its mind, it may remove or delete an exemption as well, which occurred in this case.[2]

▪ ▪ ▪ Moreover, the basic rule of construction to be applied for claims of tax exemption is that "'exemptions from taxation, being a matter of grace, are to be strictly and narrowly construed.' Antilles Industries, Inc. v. Government of the Virgin Islands, 12 V.I. 612, 616, 529 F.2d 605 (3d Cir.), cert. denied, 429 U.S. 824 (1976), quoting from, King Christian Enterprises, Inc. v. Government of the Virgin Islands, 345 F.2d 633, 637 (3d Cir. 1965). Taxation is the rule and exemption is the exception. Hess Oil V.I. Corp. v. Quinn, 16 V.I. 380 (D.V.I. 1979). Cf. Antilles, supra, 12 V.I. at 616 (silence in statute regarding assignability of tax exemption from another jurisdiction implies a denial, not a granting, of such authorization). A narrow construction of § 43 results in no tax exemption for an attorney practicing law. This construction is further buttressed by the fact that the exemption once existed but was deleted by the Legislature.

▪ This Court has used a somewhat different analysis, where the claimant argued that it had a tax exemption granted by contract with the Government of the Virgin Islands. The Court adopted a standard used by an Iowa Court in Hess Oil V.I. Corp. v. Quinn, supra. The Court found that the claimant must show that it has a right to a tax exemption by "'evidence which leaves the question free of doubt. The claimant . . . must show that his demand is within the letter as well as the spirit of the law.'" Hess Oil V.I. Corp. v. Quinn, supra, 16 V.I. at 390, quoting from, Jones v. Iowa State Tax Commission, 74 N.W.2d 563, 565 (Iowa 1956). Clearly from the above discussion regarding the legislative history, plaintiff's "exemption" is far from being free of doubt nor has he shown that the exemption is within the letter or spirit of §§ 41 and 43. Even under this analysis, plaintiff's argument fails.

## CONCLUSION

Legislative history clearly indicates that the Legislature intended attorneys practicing law in the Virgin Islands to be subject to the

---

[2] The Court gives no weight to plaintiff's argument regarding attorneys admitted pro hac vice and the effect of our possible ruling on this group of off-island attorneys. This issue is not before the Court and the Court finds this argument irrelevant to the issue at hand.

gross receipts tax pursuant to 33 V.I.C. §§ 41 and 43. Accordingly, plaintiff's motion for summary judgment is denied and the Government's cross motion for summary judgment is granted.

The Court further notes that the plaintiff has not controverted, in his reply brief, the affidavit of Anthony Olive of the Bureau of Internal Revenue which provides what plaintiff owes. Nor has there been a challenge to the method of computation. This Court, therefore, must interpret the amount owed as uncontested by the plaintiff. Plaintiff, therefore, owes the Government the amount owed as indicated in the affidavit, $4,050.21.

## ORDER

THIS MATTER is before the Court on the plaintiff's motion for summary judgment and the defendant's cross motion for summary judgment. The premises considered, it is hereby

ORDERED:

THAT the plaintiff's motion is DENIED;

THAT the defendant's motion is GRANTED; and

THAT the plaintiff owes the defendant $4,050.21 in gross receipts taxes for the years 1973 through 1977 inclusive.