# WILSON v. DISTRICT OF COLUMBIA.

STATUTORY CONSTRUCTION; LICENSE TAXES; "BUILDING AND OTHER CONTRACTS;" BRICKLAYERS.

1. Statutes imposing restrictions or burdens upon the ordinary business or common occupations of the people are to be strictly construed (following *Washington Electric Vehicle Transp. Co.* v. *District of Columbia,* 19 App. D. C. 462) ; and taxes by way of licenses for the pursuit of such occupations must be imposed by clear and unambiguous language. (Following *Lockwood* v. *District of Columbia,* 24 App. D. C. 569; *Chapman* v. *District of Columbia,* 25 App. D. C. 95.)

2. A "builder" is one who builds, and whose occupation is that of building; specifically, one who controls or directs the work of construction in any capacity. He comes between the architect who designs the work and the artisans who execute it.

3. If the words "building contractor" have a fixed, popular meaning, it is that of one who contracts with the owner to become his builder, to erect his structure according to certain plans and for certain compensation.

4. One who carries on his trade of bricklaying by contracting with builders and other contractors to lay a part, or all, of the brick required in their work of construction, either at a stated sum per thousand, or at a fixed price for the part of the job undertaken; but who does not contract with the owner, or even furnish the brick laid,—is not a "building contractor," within the meaning of paragraph 46 of the act

of Congress of July 1, 1902, imposing an annual license tax of $25 upon "building and other contractors."

No. 1553.   Submitted June 6, 1905.   Decided June 13, 1905.

In ERROR to the Police Court of the District of Columbia.
                                          *Judgment reversed.*

The COURT in the opinion stated the case as follows:

An information presented in the police court charged the plaintiff in error, Harry G. Wilson, with engaging in the business of a contractor in the District of Columbia, "to wit, the business of a contracting bricklayer in constructing buildings, and other structures," without first having obtained a license so to do, and paying the license tax therefor, etc.

The case was submitted to the court upon the following agreed statement of facts:

"The defendant, Harry G. Wilson, is a bricklayer by trade; that his business is to make contracts with builders and general contractors to lay part, or all, of the bricks required in any work undertaken by a builder or general contractor, either at a stated amount per thousand, or for a stated price as to the entire number of bricks to be laid; that the defendant makes no contracts with the owner of the work, but always contracts with the builder or general contractor of the owner; that the defendant maintains no regular force of bricklayers, but employs one or more bricklayers to help him as the number of the bricks to be laid may require; that, in the prosecution of the work of laying the bricks, the defendant and those employed by him are at all times subject to the direction, and under the control, of the builder or general contractor."

A judgment of conviction was rendered, followed by fine, and a writ of error has been regularly allowed.

*Mr. W. H. Sholes* for the plaintiff in error.

*Mr. Andrew B. Duvall,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The question involved is, whether the plaintiff in error is a building contractor within the comprehension of paragraph 46 of the act of Congress, approved July 1, 1902, imposing an annual license tax of $25 upon "building and other contractors."

It is a well-established principle that statutes imposing restrictions or burdens upon the ordinary business or common occupations of the people are to be strictly construed. *Washington Electric Vehicle Transp. Co.* v. *District of Columbia,* 19 App. D. C. 462, 470. Taxes, by way of license for the pursuit of such occupations, must be imposed by clear and unambiguous language. The citizen must be informed with reasonable certainty, by the words of the statute itself, if his obligation to pay a license tax for the pursuit of his business; especially when his refusal to pay the same is made a criminal offense. *Ibid; Lockwood* v. *District of Columbia,* 24 App. D. C. 569; *District of Columbia* v. *Chapman,* 25 App. D. C. 95.

In accordance with this principle, it was held in those cases that the statute imposing the license taxes claimed therein could not be enforced for want of certainty in the terms employed; it having neither defined the particular occupation sought to be subjected to the tax, nor used words of established, or reasonably popular, signification clearly embracing the same.

In *Lockwood's Case* the occupation designated in paragraph 46 was that of "claim agent." In *Chapman's Case* the party was a wholesale and retail dealer in wood and coal, who had entered into a contract with the District of Columbia to supply it with wood and coal during a certain period. The contention was that he was liable to the license tax under the clause now under consideration, namely, "Building and other contractors." Confessedly he was not a building contractor, and it was held that the term "other contractors" was too uncertain and left too much to the discretion of the taxing officers.

A builder has been defined to be "one who builds, or whose occupation is that of building; specifically, one who controls or

directs the work of construction in any capacity." 6 Cyc. Law & Proc. p. 6. He "comes between the architect who designs the work and the artisans who execute it." 4 Am. & Eng. Enc. Law, 2d ed. p. 994. See also *Little Rock, H. S. & T. R. Co.* v. *Spencer,* 65 Ark. 183, 193, 42 L. R. A. 334, 47 S. W. 196.

If the words "building contractor" have a fixed, popular meaning, it is that of one who contracts with the owner to become his builder, to erect his structure according to certain plans and for a certain compensation. The agreed statement of facts shows that the trade of the plaintiff in error is that of a brick-layer. He does his work in person, with the help of other bricklayers hired for the purpose. He carries on his trade by contracting with builders and general contractors to lay a part, or all, of the bricks required in their work of construction, either at a stated sum per thousand, or at a fixed price for the particular job undertaken. It does not appear, even, that he ever furnishes the brick to be laid, and he never contracts with the owners for any part of the building to be erected. The extreme inference that can be deduced from these facts is that the plaintiff in error is nothing more than is commonly known as a subcontractor,—one who, having no contract relation with the owner, contracts with his builder to perform a part of the work undertaken by the latter. He is no more a builder, or building contractor, than the plumber, the painter, or the plasterer, who may, by like subcontracts, undertake their particular parts of the general structure.

It was conceded on the argument by the corporation counsel that, in the opinion of the taxing officers, with which they agree, these last-named persons are not subject to the license tax imposed upon building contractors. It is contended, however, that there is a material difference between them and the contracting bricklayer, because he builds the necessary walls of the house while they only assist in its perfection. We do not concur in this view. His work is merely first in due order. The house is not built when the brick walls are erected. The bricklayer, working under the contractor for the building, is not himself a building contractor, but rather an artisan, whether

he works by the day, by the completed piece, or by special contract for the entire brick work included in the builder's contract with the owner.

The Congress may have contemplated the inclusion of subcontracting bricklayers, carpenters, plasterers, plumbers, and the like, by the use of the words "and other contractors" in the clause under consideration, which, as we have seen, are inoperative by reason of their want of certainty. But, whether this assumption is or is not well-founded, we think it clear that they are not to be regarded as building contractors within the meaning of this provision of the statute.

For these reasons the judgment will be reversed with costs and the cause remanded with direction to acquit the defendant. It is so ordered.                              *Reversed.*