**JEFFERSON CONSTRUCTION OVERSEAS, INC., Plaintiff**

v.

**THE GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 139-1961

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 30, 1964

*See, also, 237 F.Supp. 125*

98

BAILEY & WOOD (WILLIAM W. BAILEY, of counsel),
St. Thomas, Virgin Islands; WITHINGTON, CROSS, PARK

& MCCANN (PHILIP M. CRONIN, of counsel), Boston, Mass. *for plaintiff*

FRANCISCO CORNEIRO, Attorney General of the Virgin Islands, *for defendant*

GORDON, *District Judge*

### BACKGROUND STATEMENT

This is an action brought by Jefferson Construction Overseas, Inc., a Florida Corporation, engaged by the Government of the Virgin Islands to construct certain public projects in the Virgin Islands, to wit: the Sugar Estate Elementary School and the Nisky Elementary School in St. Thomas, Virgin Islands.

In the instant case the plaintiff prays the Court that the gross receipts tax imposed under Title 33, Chapter 3, Section 43 of the Virgin Islands Code be declared unconstitutional.

This matter came on for hearing on the complaint of the plaintiff on several different occasions, the last being July 7, 1964. The plaintiff was represented by Bailey & Wood of St. Thomas, Virgin Islands, William W. Bailey, Esq., of counsel, and by Withington, Cross, Park & McCann of Boston, Massachusetts, Philip M. Cronin, Esq., of counsel. The Government of the Virgin Islands was represented by Francisco Corneiro, Attorney General of the Virgin Islands.

Both parties adduced testimony, introduced exhibits and filed briefs with the Court, the last brief being filed by plaintiff on August 20, 1964.

Upon a careful study of the testimony, exhibits and briefs, and after extensive research, the Court makes the following:

### FINDINGS OF FACT

1. At all times material herein, the plaintiff has been a Florida Corporation, a wholly-owned subsidiary of Jeffer-

son Construction Co., which is a Massachusetts Corporation with its principal place of business in Cambridge, Massachusetts. Plaintiff's principal office is in Miami, Florida and is engaged in the general construction business in Florida and elsewhere. Plaintiff was duly qualified to do business in the Virgin Islands.

2. The defendant, Government of the Virgin Islands, is the duly authorized and constituted ruling government of the Virgin Islands, and acting through its duly constituted officers has been and is presently administering the provisions of the Gross Receipts Tax Law (33 V.I.C., Chapter 3), a statute of the Virgin Islands.

3. That the plaintiff, on or about April 12, 1961, entered into a contract with the Government of the Virgin Islands, for the construction of the Sugar Estates Elementary School and the Nisky Elementary School in St. Thomas. Pursuant to its contract with the Government the plaintiff engaged in necessary business activities in the Virgin Islands in connection with the construction of the said schools. The operations in the Virgin Islands were separate and distinct from plaintiff's operations elsewhere. For purposes of its contracts, plaintiff maintained an office with a manager and clerical staff in the Virgin Islands and kept separate accounts for its business activities in the Virgin Islands which were limited to the construction of the schools in St. Thomas.

4. Subsequent to the commencement of work under its contracts, plaintiff failed to file the monthly reports or pay the gross receipts taxes pursuant to the provisions of 33 V.I.C., Chapter 3. Thereupon, the Commissioner of Finance of the Virgin Islands made arbitrary assessments of the taxes due based on the amounts received by the plaintiff under its contracts with the Government. The Commissioner of Finance notified the plaintiff and subsequently filed and recorded a lien on plaintiff's property for the unpaid taxes.

5. The Virgin Islands Gross Receipts Tax and predecessor statutes, have been consistently interpreted by tax officials of the defendant Government of the Virgin Islands to be restricted in their imposition only to gross receipts wholly derived from business done within the Virgin Islands. The defendant Government of the Virgin Islands, through its tax officials, has at no time attempted to tax gross receipts of the plaintiff derived from activities outside of the Virgin Islands, either wholly or partially. [Deposition of Reuben Wheatley which was admitted into evidence at the hearing on July 7, 1964].

From the foregoing findings of fact, the Court makes the following:

## CONCLUSIONS OF LAW

■ 1. This Court has jurisdiction over the parties and this cause of action.

■ 2. The Courts will not adopt a construction of a statute which would raise novel and important questions as to the constitutionality of the statute, and will not decide the question of constitutionality, where the case may justly and reasonably be decided under a construction by which the statute is clearly constitutional, particularly where, as in the instant case, the latter construction has been adopted by the territorial officials charged with the administration of the act.

■ 3. The Government of the Virgin Islands has power to enact a gross receipts tax statute and apply its provisions to persons engaged in business in the Virgin Islands.

■ ■ 4. Read in context with the entire chapter involved, *33 V.I.C.* § *43*, imposing gross receipts taxes, is by its terms apportionable between gross receipts of persons, firms, corporation, etc., derived from business activities within the Virgin Islands and gross receipts derived from activities without the Virgin Islands and is constitutional.

■ 5. *33 V.I.C.* § *43* is applicable to the gross receipts

102

of a business conducted in the Virgin Islands only in proportion to the extent of business done in the Virgin Islands, and has no extra-territorial application.

■ 6. Plaintiff's business activities in the Virgin Islands, the construction of two public elementary schools, constituted the doing of an "intrastate" business, despite the fact that the plaintiff contractor did similar construction work elsewhere and despite the fact plaintiff shipped materials for itself and its subcontractors in the Virgin Islands from points outside the Virgin Islands.

■ 7. The business activities of the plaintiff in the Virgin Islands did not constitute part of a unitary enterprise conducted by the plaintiff within and without the Virgin Islands, and being clearly separate from business activities conducted by the plaintiff elsewhere, the gross receipts therefrom are properly taxable by the Virgin Islands under the provisions of *33 V.I.C. § 43*.

■ 8. The plaintiff corporation, by virtue of its employment of professional or skilled employees, was not itself engaged in selling its skills or services on an individual or personal basis within the meaning of *33 V.I.C. § 43(a)*.

9. The plaintiff corporation is subject to the provisions of *33 V.I.C., Chapter 3*, and the defendant Government of the Virgin Islands is entitled to recover from the plaintiff the amount of all due and unpaid gross receipts taxes on the gross receipts of the said corporation from the construction of the Sugar Estate Elementary School and the Nisky Elementary School in St. Thomas, together with all applicable interest and penalties thereon.

Judgment dismissing the plaintiff's complaint and in favor of the defendant Government of the Virgin Islands will be entered accordingly.

## JUDGMENT

THIS MATTER came on for hearing on several different occasions, the last being July 7, 1964. The plaintiff was

represented by Bailey & Wood of St. Thomas, Virgin Islands, William W. Bailey, Esq., of counsel, and by Withington, Cross, Park & McCann of Boston, Massachusetts, Philip M. Cronin of counsel. The Government of the Virgin Islands was represented by Francisco Corneiro, Attorney General of the Virgin Islands. Both parties adduced testimony, introduced exhibits and filed briefs with the Court, the last brief being filed by plaintiff on August 20, 1964.

After due deliberation of the testimony, exhibits and briefs, and after research, the Court having entered its Findings of Fact and Conclusions of Law on the 30th day of December, 1964, it is

ORDERED, ADJUDGED AND DECREED that the complaint of the plaintiff be and the same is hereby dismissed and judgment shall be entered in favor of the defendant, Government of the Virgin Islands, against the the plaintiff, Jefferson Construction Overseas, Inc.

IT IS FURTHER ORDERED that the plaintiff shall have the opportunity to file the appropriate forms listing the gross receipts of the plaintiff with the Commissioner of Finance for the ascertainment of its gross receipts tax liability. If said forms are not filed within thirty (30) days from the date of this judgment, the arbitrary assessment made by the Commissioner of Finance shall be the amount of taxes due and owing on the plaintiff's gross receipts from the construction of the Sugar Estates Elementary School and the Nisky Elementary School in St. Thomas, Virgin Islands together with all applicable interest and penalties thereon.