**JEFFERSON CONSTRUCTION OVERSEAS, INC., Appellant**
v.
**GOVERNMENT OF THE VIRGIN ISLANDS**

No. 15,240

United States Court of Appeals
Third Circuit

Argued January 31, 1966

Decided May 2, 1966

*See, also, 359 F.2d 668*

PHILIP M. CRONIN, ESQ., Boston, Mass., *for appellant*

FRANCISCO CORNEIRO, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before KALODNER, *Chief Judge*, and MARIS and HASTIE, *Circuit Judges*

MARIS, *Circuit Judge*

## OPINION OF THE COURT

The plaintiff, Jefferson Construction Overseas, Inc., has appealed from a judgment entered in the District Court of the Virgin Islands dismissing its complaint which sought a judgment declaring unconstitutional the Virgin Islands gross receipts tax statute. 33 V.I.C. § 43. The plaintiff is a corporation created under the laws of Florida and engaged

in the general construction business. Its activities in the Virgin Islands arose under two contracts, one entered into with the United States Department of the Interior in January 1961 for construction work for the National Park Service in St. Thomas and St. John, and the other entered into with the Government of the Virgin Islands in April 1961 for the construction of two public schools in St. Thomas. The plaintiff qualified to do business in the Virgin Islands as a foreign corporation and proceeded in St. Thomas and St. John to do the work called for by its contracts. It did not file monthly reports with the Tax Division of the Department of Finance, as required by 33 V.I.C. § 44, or pay the tax of 1% on its gross receipts, imposed by 33 V.I.C. § 43. The Commissioner of Finance made an estimated assessment of the gross receipts tax which he claimed to be due by the plaintiff, including penalties imposed under 33 V.I.C. § 45, and filed a lien against the plaintiff's property in the Virgin Islands. The plaintiff paid the tax under protest.

On June 16, 1961 the plaintiff brought this suit in the district court attacking the constitutionality of 33 V.I.C. § 43, the Virgin Islands gross receipts tax statute, and seeking a judgment declaring the statute unconstitutional. A hearing was held on September 27, 1961. Thereafter on April 12, 1962 the plaintiff, with leave of court, amended its complaint to allege that the statute had become unconstitutional because of the enactment by the Legislature of the Act of October 27, 1961, No. 780. That Act was, in full text, as follows:

"Section 1. The Legislature hereby finds that because of misapprehension on the part of private building and construction contractors and of administrative personnel in the island of St. Croix, with respect to the imposition and collection of gross receipts taxes under the provisions of Chapter 3, Title 33 of the Virgin Islands Code, beginning September 1, 1957, there may have resulted situations involving such contractors which merit equitable relief. Ac-

cordingly, it is the purpose of this law to provide for the granting of such relief by the Governor.

"Section 2. Notwithstanding any provisions of Chapter 3, Title 33 of the Virgin Islands Code to the contrary, the Governor of the Virgin Islands, through such appropriate agency or department of the Government as he may designate, shall cause to be investigated and verified any claims of hardship by building or construction contractors in the island of St. Croix occasioned by the imposition or collection of gross receipts taxes due under the said chapter since September 1, 1957, to March 31, 1961, and upon verification of any such claim the Governor is authorized to make such administrative settlement, including cancellation of the tax and any penalties due, in whole or in part, as he may determine.

"Section 3. Any claims of hardship under the provisions of this Act shall be made by the contractor in interest, in writing, no later than December 31, 1961, setting forth in detail the particular circumstances constituting the hardship." Sess. L. 1961, p. 229.

It was alleged in the amended complaint that Act No. 780 rendered the statute unconstitutional "because it purports to empower the Governor of the Virgin Islands to grant preferential treatment to contractors in the same classification as plaintiff and that such preferential treatment would constitute irrational discrimination against plaintiff." It was, however, neither alleged nor proved that there had been misapprehension on the part of the plaintiff and of administrative personnel in the island of St. Thomas with respect to the imposition and collection of gross receipts taxes which resulted in a situation involving the plaintiff which merited equitable relief. Nor was it alleged that the plaintiff made any written claim of hardship or request for such relief on or before December 31, 1961, as Act No. 780 required. In addition the amended complaint alleged that the gross receipts tax statute was not applicable to constructors prior to October 27, 1961 since an Act approved on that day, Act No. 781, Sess. L. 1961, p. 230, amended 33 V.I.C. § 43 to make it expressly applicable "to contractors with the Government of the Virgin Islands for

public works, projects or undertakings." This latter contention is not pressed on this appeal, however.[1] After a second hearing the district court on December 31, 1964 entered a judgment dismissing the complaint, 5 V.I. 98, 237 F.Supp. 125. The plaintiff then took the appeal now before us.

The plaintiff's sole contention on this appeal is that the enactment of Act No. 780 rendered the gross receipts tax law invalid by transforming it into a discriminatory law under which contractors on St. Croix could obtain exemption by showing hardship while contractors on St. Thomas and St. John could not. It also contends, somewhat inconsistently, that Act No. 780 itself violates the equal protection clause by setting up an unreasonable classification which discriminates against contractors in St. Thomas and St. John and is, therefore, invalid. Of course if this is so, Act No. 780 could not have had the effect upon the tax law for which the plaintiff contends. However, the plaintiff is not in this suit seeking as a taxpayer to protect the public revenues by enjoining the granting of exemptions to St. Croix contractors under Act No. 780 and it has no standing to attack that Act in the present suit.

 The sole question before us, therefore, is whether the enactment of Act No. 780 rendered the gross receipts tax law so discriminatory as to violate the due process and equal protection clauses of the Revised Organic Act. This question was answered by the district court in the negative and we agree. In the first place Act No. 780 did not, as the plaintiff seems to argue, exempt St. Croix building contractors from the gross receipts tax. It merely opened the way to individual contractors in St. Croix to secure relief if they could show actual hardship resulting from misapprehension on their part and on the part of admin-

---

[1] This contention is considered in the opinion filed this day in Port Construction Company, Appellant, v. Government of the Virgin Islands, 5 V.I. 549, 359 F.2d 663.

istrative personnel in St. Croix with respect to the imposition and collection of the tax. Singling out a group of taxpayers for special relief conditioned upon a showing of individual hardship is not necessarily invalid. The question is always whether there is a rational basis for the classification. Carmichael v. Southern Coal & Coke Co., 1937, 301 U.S. 495, 509.

██ We think it is quite clear that there was a rational basis for the classification made by Act No. 780. For the gross receipts tax originated in the Municipality of St. Thomas and St. John, where it was imposed as early as 1947 by section 4 of the Trade Tax Law of 1947, enacted by the Ordinance of the Municipal Council of St. Thomas and St. John approved April 16, 1947, Bill No. 4. That Ordinance also imposed in section 3 a trade tax upon articles brought into the Municipality for disposition in trade or business. The 1947 Internal Revenue Act of the Municipality of St. Croix, Ordinance of the Municipal Council of St. Croix approved September 16, 1947, Bills Nos. 69 and 80, also imposed a trade tax upon certain articles brought into St. Croix for sale or sold there but it did not impose any tax upon the gross receipts from business and no such tax was imposed in St. Croix while the Municipal Government existed. The differences between the taxes imposed in the two municipalities are described in the opinion of Judge Moore in H. I. Hettinger & Co. v. Municipality of St. Thomas and St. John, et al., 1950, 2 V.I. 156, aff. 1951, 2 V.I. 509, 187 F.2d 774.

In St. Thomas and St. John the gross receipts tax which had been imposed as early as 1947 remained in force until after the consolidation of the municipalities into the unified territorial government in 1955 and it was continued and for the first time extended to the entire Territory, including St. Croix, by the Act of the Territorial Legislature of

May 24, 1955, No. 56.[2] It will thus be seen that the taxpayers and officials in St. Thomas and St. John had had much longer knowledge of and experience with the gross receipts tax than had their counterparts in St. Croix. It was, therefore, certainly not unreasonable for the Legislature to single out for relief contractors in St. Croix who could show actual misapprehension of the effect of the tax and resulting hardship.

The judgment of the district court will be affirmed.

*See, also, 359 F.2d 663*

---

[2] The tax was continued by the Acts of May 24, 1955, No. 56, Sess. L. 1955, p. 129, and October 12, 1956, No. 146, Sess. L. 1956, p. 192, and codified in 33 V.I.C. § 43, effective September 1, 1957.