**THE VIRGIN ISLANDS TERRITORIAL BOARD OF REALTORS,
SAM PIVAR, d/b/a
"Pivar Real Estate", GILMORE ERIKSON AND DONN
SCHINDLER,
d/b/a "Erikson, Schindler & Associates", and
CARIBBEAN PROPERTIES, INC., Plaintiffs
v.
REUBEN WHEATLEY, Commissioner of Finance, Government of
the Virgin Islands, Defendant**

Civil No. 19-1965
District Court of the Virgin Islands
Div. of St. Croix
Christiansted Jurisdiction

YOUNG, ISHERWOOD & MARSH, Christiansted, St. Croix, Virgin Islands, *for plaintiff*

FRANCISCO CORNEIRO, Attorney General, Charlotte Amalie, St. Thomas, Virgin Islands, *for Government*

MARIS, *Circuit Judge*

## OPINION

This is an action against the Commissioner of Finance of the Government of the Virgin Islands in which a judgment is sought declaring that all gross receipts of Virgin Islands real estate brokers from fees and commissions earned in the course of conducting a real estate brokerage business come within the exemption clause of the Virgin Islands gross receipts tax statute, 33 V.I.C. § 43 (a). This section, in pertinent part, reads:

"(a) All persons engaged in business including those trading in articles, goods, merchandise or commodities shall report their gross receipts and pay a tax of two percent on the gross receipts of such business . . . This section shall not apply to artisans, fishermen, tradesmen, or professionals, such as are commonly understood to include doctors, lawyers, engineers, plumbers, electricians, barbers, etc., selling their skills or services on an individual and personal basis . . . ."

The plaintiff, The Virgin Islands Board of Realtors, is a non-profit corporation composed of realtors who perform their services as sole operators, as partners, or for corporations. The Board does not itself engage in the real estate brokerage business nor does it pay gross receipts tax to the Government. The other plaintiffs in this action are three individuals and a corporation who represent among them three different ways of conducting the real estate brokerage business.

The plaintiff Sam Pivar operates a real estate brokerage business under the trade name "Pivar Real Estate" from an office which he maintains on King Street in Christiansted. He is the sole proprietor of the business and individ-

ually and personally performs the major part of the various services required in connection with the performance of the functions of a real estate broker. On occasion plaintiff Pivar performs real estate services on a co-brokerage basis in cooperation with other brokers. In the conduct of such transactions, Pivar's services may be furnishing a property listing, furnishing a buyer, seller or tenant, or contributing to the various functions of advising, negotiating, showing properties, or attending to the closing of a sale. The rate of commission received by plaintiff Pivar as a result of such a transaction varies with the extent of his participation. He derives other income from appraisals and real estate counselling services and from rental management. Plaintiff Pivar maintains another real estate office on Kings Wharf in Christiansted in which he rents desk space to other independent brokers over whom he exercises no control or supervision and, for a consideration, furnishes them with clerical service.

The plaintiffs Gilmore Erikson and Donn Schindler operate a real estate brokerage business in Christiansted as equal partners under the partnership name "Erikson, Schindler & Associates". They share their earnings and expenses equally, performing their professional services individually and personally. As in the case of Pivar, they engage in co-brokerage activities cooperatively with other real estate brokers. Two independent real estate brokers have desk space in their office. No specific sum is paid for office rental but these independent brokers contribute to the expense of maintaining the office by contributing to the partnership a share of their fees and commissions. The partnership exercises no supervision or control over those brokers who share in the office space and expense.

The plaintiff Caribbean Properties, Inc., is a business corporation engaged in the real estate brokerage business in Christiansted. Robert Schlesinger, a licensed real estate

189

broker, is the president and sole stockholder and is employed by the plaintiff corporation as a real estate broker. The corporation engages in co-brokerage transactions with two brokers who share office space and who contribute to the office expense from fees and commissions derived from these transactions.

The plaintiffs contend in this suit and ask me to declare by judgment that all fees and commissions received by real estate brokers, whether acting as individuals, as partners, or as an officer of a corporation who is its sole shareholder, are earned as the result of "selling their skills or services on an individual and personal basis" and therefore are exempt from payment of the gross receipts tax under the express language of section 43(a) of title 33, V.I.C., which I have quoted above.

■ ■ Before considering this question, however, I note the contention of the Government that the plaintiff Virgin Islands Territorial Board of Realtors lacks standing to maintain the cause of action it seeks to present here. The Government's position in this regard is well taken. The Board says that it is not attacking the constitutionality of the tax statute but merely seeks a judicial interpretation of it, a matter in which all its members are interest. It is a well settled principle, however, that a party must present an actual controversy in which he is involved, that is, he must be able to show that he has sustained or is in immediate danger of sustaining some direct loss or injury to his rights or property. Doremus v. Board of Education, 1952, 342 U.S. 429, 434; Roberts and Schaefer Company v. Emmerson, 1926, 271 U.S. 50, 54–55. The Virgin Islands Declaratory Judgments Act, 5 V.I.C. § 1261 et seq., under which the power of this court is invoked, does not extend the jurisdiction of this court to the adjudication of rights other than those which are directly affected. I

conclude that the Board is not a proper party to this action. It will accordingly be dismissed as a plaintiff.

██ The validity of the Virgin Islands gross receipts tax, 33 V.I.C. § 41 et seq., was raised in Port Construction Co. v. Government of Virgin Islands, 3 Cir. 1966, 5 V.I. 549, 359 F.2d 663. In that case the Court of Appeals observed that the equal protection clause does not impose a rigid rule of equality of taxation. It does not prohibit those inequalities which may result from singling out one particular class for taxation or for exemption therefrom. See also Jefferson Constr. Overseas, Inc. v. Government of the Virgin Islands, 3 Cir. 1966, 5 V.I. 543, 359 F.2d 668; Virgo Corporation v. Paiewonsky, 3 Cir. 1967, 6 V.I. 256, 384 F.2d 569, 586. And it is a well-settled rule that statutory provisions granting tax exemptions are to be strictly and narrowly construed. King Christian Enterprises v. Government of the Virgin Islands, 3 Cir. 1965, 5 V.I. 170, 178, 345 F.2d 633, 637. A state has a very wide discretion in imposing taxes, limited by the requirement that it may not resort to a classification that is palpably arbitrary. Allied Stores of Ohio v. Bowers, 1959, 358 U.S. 522, 526–527. And the territory of the Virgin Islands has similar wide legislative power in this regard. Virgo Corporation v. Paiewonsky, 3 Cir. 1967, 6 V.I. 256, 384 F.2d 569, 581.

██ The Government contends that the present case is governed by the rule laid down by the Court of Appeals in Antilles Surveys, Inc. v. De Jongh, 3 Cir. 1966, 5 V.I. 560, 358 F.2d 787, that individual real estate brokers "selling their skills or services on an individual and personal basis" are professionals who come within the exemption clause but that the exemption does not apply to corporations engaged in such activity. I agree.

██ Certainly the words of the statute are too plain to require construction. They cannot reasonably be given any

191

other meaning than this. But plaintiff Caribbean Properties, Inc., argues that the facts presented by it in this case are distinguishable from those presented by Antilles Surveys, Inc. It urges that in this case we should pierce the corporate veil and look to the sole stockholder whom we should consider the person who is selling his skills or services on an individual and personal basis. It is true that circumstances do arise where the court must, in the interest of justice, pierce the corporate veil when to recognize the separate entity of the corporation would result in an injustice to innocent persons. But such action is not called for in this case. The only question here is whether the plaintiff corporation derives its income from services on a personal and individual basis. The plaintiff Caribbean Properties, Inc. concedes that a corporation can derive income from services only through the labor of its officers and agents and as a fictional person can never earn income from its own services. I fail to see any significance in the fact that the sole stockholder of plaintiff Caribbean Properties, Inc. carries on its business as its president and authorized broker or that there is a valid distinction to be made on the ground that only one broker is employed by the corporation. I conclude that plaintiff Caribbean Properties, Inc., since it employs a professional real estate broker to carry on its business, is not itself engaged in selling its services on an individual or personal basis within the meaning of the exemption clause of section 43(a), title 33, V.I.C.

■■ The plaintiffs Erikson and Schindler contend that they come within the exemption, as construed in the Antilles Surveys, Inc. case, since their receipts are not from the labor of others but from their own individual and personal services. The Government, on the other hand, contends that since these plaintiffs perform their services under the firm name "Erikson, Schindler & Associates"

and share their earnings they do not perform their services on an individual and personal basis, because each earns some income from the labor of the other. I cannot agree. Under the Virgin Islands Uniform Partnership Act, 26 V.I.C. § et seq., a partnership is not regarded as an entity separate and apart from its members. A partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit." 26 V.I.C. § 21. This was the concept at common law and the Uniform Partnership Act has not changed it in those states and territories which follow the common law. Helvering v. Smith, 2 Cir. 1937, 90 F.2d 590; Jung v. Bowles, 9 Cir. 1946, 152 F.2d 726; Randolph Products Co. v. Manning, 3 Cir. 1949, 176 F.2d 190, 193, Mazzuchelli v. Silberberg, 1959, 29 N.J. 15, 148 A.2d 8. See cases cited in 68 C.J.S. Partnership § 67, footnote 74.

 It thus appears that a partnership, in the setting of the present case, is wholly different from a corporation. For a corporation is a legal entity which itself does business through its officers, employees and agents, whereas a partnership is simply an association for convenience of two or more individuals, the partners, who themselves conduct the business either individually and personally or through employees and agents. Where, as in the case of plaintiffs Erikson and Schindler each of the partners devotes his individual and personal services to the business his exemption from the gross receipts tax is not lost merely because the receipts from his individual and personal services go into a common fund which he and his partner have set up for their convenience under their partnership agreement and the net proceeds of which they share. I conclude, therefore, that the receipts from brokerage business conducted through the individual and personal services of Erikson and Schindler are exempt from gross receipts tax.

With respect to the plaintiff Pivar, the Government fully concedes that income derived from the performance of his services for his clients, such as interviewing clients, listing properties, interviewing various interested persons, and attending to the closings of sales, is exempt from payment of the gross receipts tax, provided the services are performed by Pivar himself and not by others employed by him, since such professional services are to be considered as performed by him on an individual and personal basis within the meaning of section 43(a), title 33, V.I.C. But the Government contends that when the plaintiff Pivar engages in co-brokerage activities in cooperation with other brokers, either as the broker making the referral or the broker to whom the referral is made, he earns his share of the commissions derived from the transaction as the result of the labors of others and hence is required to pay the gross receipts tax on such commissions. I do not agree.

██ ██ It seems to me that this situation is indistinguishable in principle from that of partners rendering individual and personal services to the clients of their partnership. For a cooperative co-brokerage transaction is a species of joint venture as is a partnership. Each of the brokers who performs individual and personal brokerage services in a cooperative co-brokerage transaction receives a share of the commission ultimately earned from the transaction which represents compensation for his share of the total services rendered and hence is a payment for his "selling" his "services on an individual and personal basis" within the meaning of the statute. It is in no real sense a payment for the services of others, his co-brokers, as the Government urges, since they each receive their share of the commission in payment for their own services. What has been said applies equally, of course, to the share of commissions received by the plaintiffs

Erikson and Schindler, as partners, from co-brokerage transactions.

 The Government contends that the payments to the plaintiffs Pivar and Erikson and Schindler for rental of desk space and for clerical services, although paid out of commissions and fees earned by the personal services of independent real estate brokers, do not come within the plaintiffs' exemption. In this regard the Government is clearly right for such receipts from other brokers for desk space and clerical services supplied to them by the plaintiffs are not derived from the plaintiffs' own individual and personal services as real estate brokers. Such receipts are, therefore, subject to gross receipts tax.

The Court of Appeals in the Antilles Surveys case found the classification of the statute to be reasonable, saying: "Since it is our duty, where possible, to give a statute a meaning that would support it, rather than invalidate it . . . and since that can readily be done in this case by construing the exemption provision as limited to receipts attributable solely to the taxpayer's own personal services as above defined, we adopt that construction." [5 V.I. p. 564, 358 F.2d p. 790.]

A judgment will be entered in conformity with this opinion.