**DESCO PRODUCTS CARIBBEAN INC., Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS
and THE COMMISSIONER OF FINANCE,
REUBEN B. WHEATLEY, GOVERNMENT
OF THE VIRGIN ISLANDS, Defendants**

Civil No. 752-1969

Municipal Court of the Virgin Islands
Div. of St. Thomas and St. John

December 7, 1970

HOWARD K. GIBBS, St. Thomas, V.I., Attorney, *for the plaintiff*

ROY E. PARROTT, St. Thomas, V.I., Assistant Attorney General, *appeared in behalf of the defendant*

HOFFMAN, *Judge*

## OPINION

The plaintiff, a corporation engaged in the business of installing roofs and roof systems[1] filed suit to recover the

---

[1] At the hearing of this matter on November 30, 1970, it was conceded by the plaintiff that at no time during the period in question did it contract to erect any complete structure.

sum of $2696.75 which it claims was the amount of tax that the government had assessed and collected from the plaintiff over and above that which the government was entitled to during the period January 1, 1968—June 30, 1969. It is the plaintiff's contention that under the gross receipts legislation effective during the period in question it should have only been required to pay tax at the rate of one percent rather than at the rate of two percent which was the rate at which the government had assessed and collected taxes from the plaintiff over the latter's protest.

The Act of July 1, 1965, No. 1461, Sess. L. 1965, Part I which went into effect on the same date, put into effect the following provision of the gross receipts tax (33 V.I.C. § 43(a)):

All persons engaged in business including those trading in articles, goods, merchandise or commodities shall report their gross receipts and pay a tax of two percent on the gross receipts of such business; Provided, however, That the rate of tax on foodstuffs and on building contractors shall be one percent.

The language of this provision (section 43(a) of Title 33) was amended by the Act of June 4, 1968, No. 2234, Sess. L. 1968, Part II, to read as follows:

Every individual and every firm, corporation, and other association doing business in the Virgin Islands shall report their gross receipts and pay a tax of two percent on the gross receipts of such business; Provided, however, That the rate of tax on building contractors and on foodstuffs . . . shall be one percent.

The above legislation was in effect during the period in question (January 1, 1968—June 30, 1969). The change in language in the two Acts has no bearing on the outcome of this case. Neither Act defined the term "building contractors".

The plaintiff contends that it is a building contractor within the meaning of the above statute or, in the alter-

native, that the statute's method of classification is so arbitrary and unreasonable as to constitute a denial of equal protection under the Fourteenth Amendment. This Court feels that both contentions lack merit and rejects them.

■ We deal first with the question of whether or not the plaintiff falls within the meaning of the term "building contractor" as that term is used in 33 V.I.C. § 43(a). It is the government's contention that the term "building contractor" is commonly understood to be synonymous with "builder", "prime contractor" and "general building contractor." The plaintiff on the other hand, takes the position that to give the term "building contractor" such a limited construction would defeat the legislative intent which it is argued, was to reduce the cost of housing to the consumer. Even assuming, for the purpose of argument, that the legislative purpose of the Act of July 1, 1965, No. 1461, supra, which reduced the gross receipts tax of "building contractors" from two percent to one percent, was to benefit the public in the form of reduced housing costs; it does not follow as the plaintiff contends that the term "building contractors" must have been intended to encompass the entire gamut of those who are engaged in the construction of buildings. To give the term "building contractors" such an expansive definition is unwarranted especially where, as here, the legislative purpose of reducing costs to the consumer could just as easily be served by giving the term its commonly understood meaning.

A proviso which follows and restricts an enacting clause general in its scope should be strictly but reasonably construed, so as to take out of the enacting clause only those cases which are fairly within the terms of the proviso, and the burden of proof is on one claiming the benefit of the proviso. . . .[2]

---

[2] 82 C.J.S., Statutes, p. 886, 887.

■ This Court is in agreement with the Assistant Attorney General on this point and equates the term "building contractors" with prime or general building contractors. 17 C.J.S., p. 589, gives the following definition:

"Building Contractor"—In its fixed popular meaning connotes one who contracts with the owner to become his builder to erect his structure according to certain plans and for a certain compensation.

■ There can be little doubt that the plaintiff, a roofer, cannot be considered a building contractor as that term is used in section 43(a) of Title 33 V.I.C. That this was, in fact, the legislative intent is made even clearer when one considers the Act of June 12, 1969, No. 2473, Sess. L. 1969:

Section 1—A new subsection (d) is hereby added to section 43 of chapter 3 Title 33 V.I.C. as follows:

(d) The term "building contractors" as used in this section shall include electrical contractors, plumbing contractors, and all subcontractors who perform a portion of a building contract pursuant to a contract with a general building contractor.

Section 2—*This Act shall become effective on July 1, 1969.* (Emphasis added.)

Had the Legislature intended the plaintiff and others similarly situated to be benefited by this legislation during the period in question, it would have made this Act retroactive. It is interesting to note that when the Act of July 1, 1965, No. 1461, supra, was approved and went into effect on July 1, 1965, containing the proviso: "That the rate of tax on foodstuffs and on building contractors shall be one percent", neither the term "foodstuffs" nor the term "building contractors" was defined.

Subsequently, the Act of December 3, 1965, No. 1547, Sess. L. 1965, Part I, defined the term "foodstuffs" to include "cooked foods sold in restaurants" but not to include "confectioneries, chewing gum, liquors, carbonated drinks . . . ". While this Act was approved on December 3, 1965,

it specifically provided that the provisions relating to "foodstuffs" were to apply retroactively as of July 1, 1965.

Again, there was a similar occurrence in 1967. Subsequent amendments to section 43 of Title 33, through inadvertence perhaps, had failed to carry this definition of "foodstuffs" or to provide for a new one. The Act of September 18, 1967, No. 2045, Sess. L. 1967, enacted the same definition of "foodstuffs" as was found in the Act of December 3, 1965, No. 1547, supra, set out in part above. The definition of "foodstuffs" was again made retroactive; this time to December 3, 1965.

With respect to the plaintiff's second contention that the statute's classification was arbitrary and unreasonable and thereby violated the Fourteenth Amendment, this Court feels that it has less validity than the plaintiff's first contention.

 That the Legislature may classify the subjects of occupation taxes and impose varying burdens on the different groups cannot be questioned.[3] Dancetown, U.S.A. Inc. v. State 439 S.W.2d 333 (S.Ct. of Texas 1969).

The standard which the Legislature must meet in arriving at a classification which will not be violative of the Fourteenth Amendment has been variously stated. On the one hand, it has been said that to be consistent with the equal protection clause, the "classification must be based on real and substantial differences having a reasonable relation to the subject of the legislation." Quaker City Cab Co. v. Pennsylvania 277 U.S. 389, 72 L.Ed. 927 (1928).

On the other hand, it has also been said that:

---

[3] ". . . the equal protection clause does not impose a rigid rule of equality of taxation." Virgo Corporation v. Paiewonsky, 384 F.2d 569, 586, 6 V.I. 256, 289 (3 Cir. 1967). "It (the equal protection clause) does not prohibit those inequalities which may result from singling out one particular class for taxation or exemption therefrom." Port Construction Co. v. Government of Virgin Islands, 359 F.2d 663, 668, 5 V.I. 549, 558 (3 Cir. 1966). See also Jefferson Construction Overseas Inc. v. Government of Virgin Islands, 359 F.2d 668, 5 V.I. 543 (3 Cir. 1966).

153

. . . in the exercise of the taxing power, congress has the widest powers of selection and classification, and . . . only in cases where the classification is so arbitrary as to have no reasonable basis whatever, can either the Fifth Amendment or the Fourteenth Amendment be invoked against a taxing law. Abney v. Campbell 206 F.2d 836, 840 (5 Cir. 1953).

On this subject, the Third Circuit has said, "Only if it appears that there is no rational basis for the classification so that it is patently arbitrary may it be set aside as unconstitutionally discriminatory." Virgo Corp. v. Paiewonsky, supra, note 3, at 586, 6 V.I. at 289, Port Construction Co. v. Government of the Virgin Islands, supra, note 3, at 668, 5 V.I. at 558, 559.

■ Applying either of these standards, the tax in this case must be sustained. Here the Legislature of the Virgin Islands has passed a gross receipts tax which makes a distinction between "building contractors" or prime contractors (those who contract directly with the owner to erect his structure) and all others who may work on the structure. Such other people might include those who work directly under the prime contractor or those who contract directly with the owner for repairs or for some purpose other than to erect his building. The former classification (building contractors) pay a gross receipts tax of one percent while the latter pay a gross receipts tax of two percent.

Real and substantial differences do indeed exist between those who take on the entire responsibility for having a building erected and those whose only responsibility is the completion of one portion of the building, for example, the roof.

The legislative intent in allowing "building contractors" to pay only a one percent gross receipts tax might well have been to encourage the building of more houses. The Legislature might well have been more interested in the undertaking of new buildings than say the repairing

of existing structures. In any event, this Court holds that such a tax differential between building contractors and others such as those in the position of the plaintiff was a reasonable one.

For the reasons herein stated judgment will be entered in favor of the defendant and the plaintiff's complaint will be dismissed.