DESCO PRODUCTS CARIBBEAN, INC., Appellee

v.

GOVERNMENT OF THE VIRGIN ISLANDS and the COMMIS-
SIONER OF FINANCE, REUBEN B. WHEATLEY, GOVERN-
MENT OF THE VIRGIN ISLANDS, Appellants

No. 74-1601

United States Court of Appeals

Third Circuit

Argued December 2, 1974

Filed March 3, 1975

GORDON S. GILMAN, ESQ., Assistant Attorney General, St. Thomas, V.I., *for appellant*

ETHEL CARR HUNTER, ESQ., St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, VAN DUSEN and ROSENN, *Circuit Judges*

OPINION OF THE COURT

ROSENN, *Circuit Judge*

The issue in this appeal is whether one engaged in the business of installing roofs and roof systems is a building contractor within the meaning of the gross receipts tax statute of the Virgin Islands.

Desco Products Caribbean, Inc. (Desco) is a Virgin Islands corporation primarily engaged in the business of "installing roofs and roof systems." From January 1, 1968, to June 30, 1969, the period in controversy in this suit, Desco performed approximately ninety percent of its jobs as a subcontractor on new housing in the Islands.

During this period 33 V.I.C. § 43 provided that the rate

of tax on gross receipts of every corporation doing business in the Virgin Islands should be two percent, except "[t]hat the rate of tax on building contractors and on foodstuffs . . . shall be one percent."[1] The Commissioner of Finance imposed and collected a two percent tax on Desco, which then brought suit for a refund of $2,696.75 in the Municipal Court of the Virgin Islands, alleging that it was a building contractor within the meaning of section 43, and therefore subject to taxation at a rate of only one percent. The municipal court rejected the claim, holding that "building contractor," as used in the statute, was synonymous with "prime contractor" or "general building contractor." The court also rejected Desco's contention that the statute, as thus interpreted, unreasonably and arbitrarily distinguished between general contractors and subcontractors, in violation of the equal protection clause of the Revised Organic Act of 1954, 1 V.I.C. § 3.

Desco appealed to the District Court of the Virgin Islands, which reversed the municipal court, finding that the Legislature intended to tax roofers at the same rate as general contractors. The Commissioner appeals and we reverse the judgment of the district court.

In resolving the question before us, we are mindful that statutory exemptions from taxation, being a matter of legislative grace, are to be strictly and narrowly con-

---

[1] Prior to June 4, 1968, 33 V.I.C. § 43(a) provided in pertinent part:

    All persons engaged in business including those trading in articles, goods, merchandise or commodities shall report their gross receipts and pay a tax of two percent on the gross receipts of such business; Provided, however, That the rate of tax on foodstuffs and on building contractors shall be one percent.

    The Act of June 4, 1968, No. 2234, [1968] V.I. Laws, pt. II, at 38, amended subsection (a) to provide:

    Every individual and every firm, corporation, and other association doing business in the Virgin Islands shall report their gross receipts and pay a tax of two percent on the gross receipts of such business; Provided, however, That the rate of tax on building contractors and on foodstuffs . . . shall be one percent.

    Section 2 of the Act provided that the amendments to subsection (a) should be retroactive to July 1, 1955.

strued. King Christian Enterprises, Inc. v. Government of the Virgin Islands, 345 F.2d 633, 637 (3d Cir. 1965). We must also remember that the interpretation of the statute by the Commissioner, the agency charged with its administration, must be given great weight. Port Construction Co. v. Government of the Virgin Islands, 359 F.2d 663, 666 (3d Cir. 1955). In light of these two canons of statutory interpretation, Desco, to receive the benefits of the lower tax rate, must show, either by the natural meaning of the term "building contractors," or by the legislative history of the statute, that building artisans were encompassed by the statutory reference to building contractors. We do not believe that Desco has made the required showing.

First, building artisans are not ordinarily referred to as building contractors. The fixed popular meaning of building contractor is "one who contracts with the owner to become his builder, to erect his structure according to certain plans and for a certain compensation." Wilson v. District of Columbia, 26 App. D.C. 110, 113 (1905). Such artisans as bricklayers, plumbers, painters, and plasterers, who may by subcontracts undertake construction of parts of the general structure, are not ordinarily included within the meaning of the term. Wilson v. District of Columbia, supra. We see no reason to distinguish between such subcontractors and roofers such as Desco.

Second, the legislative history, contrary to Desco's contention, does not indicate that the benefits of the lower tax rate were to be afforded to all those whose charges contributed to the total cost of new construction. Indeed, we believe that the legislative history indicates that only general contractors were to be taxed at the lower rate.

The lower tax rate for building contractors and foodstuffs was enacted and put into effect on July 1, 1965. At that time, neither term was defined. Subsequently, the Act

of December 3, 1965, No. 1547, § 1, [1965] V.I. Laws, pt. I, at 546, defined "foodstuffs" to include "cooked foods sold in restaurants," but not to include "all . . . beverages and all other materials not consumed primarily to supply nourishment." Section 2 of the Act provided that this definition was to apply retroactively as of July 1, 1965.

Subsequent amendments to section 43 failed to carry this definition of "foodstuffs" or to provide a new one. This apparent oversight was corrected by the Act of September 18, 1967, No. 2045, § 2, [1967] V.I. Laws 439, which reenacted the definition of foodstuffs found in the Act of December 3, 1965. Significantly, it provided that this definition was also to apply retroactively, this time as of December 3, 1965.

The absence of a definition of "building contractors" in the Act of July 1, 1965, also was corrected by a later Legislature. The Act of June 12, 1969, No. 2473, [1969] V.I. Laws 126, defined the term to include "electrical contractors, plumbing contractors and all subcontractors who perform a portion of a building contract pursuant to a contract with a general building contractor." This definition became effective, however, on July 1, 1969.

The retroactive application of the Acts which defined "foodstuffs" contrasts sharply with the prospective application of the Act which defined "building contractors." We believe that the Act of June 12, 1969, by providing that subcontractors were to receive the benefits of a lower tax rate only from July 1, 1969, unmistakably indicated that the Legislature did not intend that subcontractors were among those benefited by the lower tax rate before that date. We may not render retroactive benefits which the Legislature has enacted prospectively only.

Desco contends that the statute, as interpreted to tax building artisans at the two percent rate, unreasonably and arbitrarily distinguishes between general contractors

and subcontractors, in violation of the equal protection clause.

■ ■ We disagree. The equal protection clause imposes no rigid rule of equality of taxation. Inequalities which may result from singling out one particular class for a reduction in taxation are not prohibited. Only if the classification has no rational basis and is patently arbitrary may it be set aside as unconstitutionally discriminatory. Port Construction Co. v. Government of the Virgin Islands, supra, 359 F.2d at 668.

One of the purposes behind the lower tax rate undoubtedly was to encourage new construction work on the Islands by lowering the costs of such work. We believe that the Legislature reasonably could have concluded that new construction work, as opposed to the repair of existing structures, could be stimulated most effectively by subsidizing general contractors rather than subcontractors. Most general contractors work on new construction, and at least some do not subcontract out various parts of the work. Subcontractors, on the other hand, may do repair work on existing buildings, as well as work on new projects. That a particular subcontractor, such as Desco, performed ninety percent of its jobs on new construction does not mean that the legislative scheme was arbitrary or unreasonable.

The judgment of the district court will be reversed.