**JDS REALTY CORPORATION,
formerly known as West
Indies Corporation**

v.

**GOVERNMENT OF the VIRGIN ISLANDS and Leroy A. Quinn, Director of Internal Revenue, Appellants.**

No. 86-3455.

United States Court of Appeals,
Third Circuit.

Argued April 30, 1987.

Decided July 24, 1987.

---

Leroy A. Mercer, Atty. Gen., Karl R. Percell (argued), Asst. Atty. Gen., Dept. of Law, Charlotte Amalie, St. Thomas, Virgin Islands, for appellants.

Before SEITZ, HIGGINBOTHAM and ROSENN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

The Government of the Virgin Islands appeals the final order of the district court denying its motion for reconsideration of the order granting summary judgment to plaintiff JDS Realty Corporation (JDS). This court has jurisdiction under 28 U.S.C. §§ 1291, 1294 (1982).

### I.

JDS is a Virgin Islands corporation engaged in the wholesale distribution of liquor, cigarettes, perfumes, and drugs. At least some of its products are imported. In 1980 JDS filed a letter with the Virgin Islands Commissioner of Finance, seeking a refund of the excise taxes it had paid from 1977 to 1980 on goods it imported. After JDS's request was denied, it filed this action with the district court to recover the payment of taxes.

> The excise tax then in effect provided: All persons, partnerships, firms, corporations or other business associations, excepting those especially taxed or excluded, importing goods, merchandise or commodities into the Virgin Islands for personal use or disposition in the course of trade or business or for processing, manufacturing or other business purpose shall pay an excise tax on the value of said goods, merchandise or commodities....

33 V.I.C. § 42(a) (1967).[1] JDS alleged that this tax violated the commerce and import/export clauses of the United States Constitution,[2] and the equal protection

Arthur Pomerantz (argued), Pomerantz & Butler, Charlotte Amalie, St. Thomas, Virgin Islands, for plaintiff.

1. The Virgin Islands amended the statute in 1984 to provide for the taxation of local goods as well as goods imported for the use in business. *See* 33 V.I.C. § 42·(Supp.1985).

2. The commerce clause of the constitution provides: "The Congress shall have Power ... [t]o regulate Commerce with foreign Nations, and among several States...." Art. I, § 8, cl. 3. The import-export clause provides: "No State

clause as applied to the Virgin Islands by the Revised Organic Act of 1954, 48 U.S.C.A. § 1561 (Supp.1987).

The district court granted JDS's motion for summary judgment, finding that the excise tax violated both the commerce clause and the import/export clause. *See JDS Realty Corp. v. Government of the Virgin Islands*, 593 F.Supp. 199 (D.V.I. 1984). First, the court held that the two constitutional provisions apply to the Virgin Islands absent an affirmative statement by Congress to the contrary. Second, it found that Congress had not authorized the Territory to impose a tax that violated either clause. Finally, it concluded that the excise tax violated both clauses of the constitution. The Virgin Islands appealed this ruling; this court dismissed the appeal for lack of an appealable order. 770 F.2d 1071 (3d Cir.1985).

The district court thereafter denied JDS's request for a refund. The court concluded that the evidence demonstrated that JDS had passed the cost of the excise tax to its customers and therefore it was not entitled to a refund. That determination is the subject of a separate appeal by JDS.

The Virgin Islands filed a motion for reconsideration, arguing that the court erred in holding the excise tax unconstitutional. In addition, the Virgin Islands contended that JDS did not have standing to bring this action in light of the district court's conclusion that JDS had not borne the burden of the tax. The court denied the motion. This appeal followed.

## II.

The Virgin Islands presents four arguments on appeal.[3] First, it argues that the district court erred in concluding that the commerce clause and the import/export clauses apply to the Virgin Islands. Second, the Virgin Islands asserts that Congress has provided authorization for the

challenged tax. Third, it contends that the excise tax was not an impermissible burden on interstate commerce. Finally, it argues that the court erred in ruling on the constitutionality of the tax before the plaintiff had shown that it had borne the burden of the tax.

### A.

■ We first address the Virgin Islands' contention that JDS does not have standing to bring this action, and therefore the district court erred in reaching the merits. According to the Virgin Islands, JDS should not have been permitted to argue the merits of this case until it had shown that it had borne the burden of the excise tax.

This claim is without merit. In *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed. 200 (1984), the Supreme Court rejected the contention that wholesalers could not challenge an excise tax because they had not demonstrated any economic injury from the tax. First, the Court found that the wholesalers were liable for the tax. *Id.* at 267, 104 S.Ct. at 3053. Second, the Court stated that "even if the tax is completely and successfully passed on, it increases the price of their products as compared to the exempted beverages...." *Id.* Thus, the Court concluded that "[t]he wholesalers plainly have standing to challenge the tax in this Court." *Id.*

Similarly, this case involves a challenge to an excise tax. JDS is responsible for the payment of the tax. Moreover, by taxing only goods imported, the excise tax increased their costs as compared to those businesses that relied solely on local goods. We therefore conclude that JDS has standing to bring this action.

### B.

We turn now to the Virgin Island's claim that the district court erred in concluding

---

shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports...." Art. I, § 10, cl. 2.

**3.** In its statement of jurisdiction, the Government asserts that it is challenging the jurisdic-

tion of the district court. Considering this rather obscure statement in the most charitable manner, however, we find that the contention is meritless.

that the commerce clause applies to the Virgin Islands. Although this court has assumed that the commerce clause is applicable to the Virgin Islands,[4] we have not directly ruled on this issue.

The Virgin Islands is, by statute, an unincorporated territory. 48 U.S.C.A. § 1541(a) (Supp.1987). It is well-established that the "entire Constitution does not extend of its own force to unincorporated areas." *Alton v. Alton,* 207 F.2d 667, 670 n. 8 (3d Cir.1953); *see Balzac v. People of Porto Rico,* 258 U.S. 298, 42 S.Ct. 343, 66 L.Ed. 627 (1922); *Downes v. Bidwell,* 182 U.S. 244, 21 S.Ct. 770, 45 L.Ed. 1088 (1901). Rather, as a general rule, the guarantees of the constitution apply to unincorporated territories such as the Virgin Islands only when Congress has stated they are applicable or when fundamental rights are involved. *See Balzac, supra,* 258 U.S. at 312, 42 S.Ct. at 348, 66 L.Ed. 627; *Soto v. United States,* 273 F. 628, 633 (3d Cir. 1921). The Virgin Islands argues that because Congress has not explicitly extended the commerce clause to the Virgin Islands, and because the clause does not involve a fundamental right, the district court erred in holding that the commerce clause restricts the powers of the Virgin Islands government.

Congress has plenary power to enact all "needful rules and regulations" for territories of the United States. U.S. Const., Art. IV, § 3, cl. 2. Pursuant to this power, Congress enacted the Revised Organic Act of 1954, which provides, among other things, for the extension of certain constitutional guarantees to the Virgin Islands. 48 U.S.C.A. § 1561 (Supp.1987). Section 1561, the Virgin Island's Bill of Rights, provides for Virgin Islands residents many of the protections against unreasonable governmental action that the constitution provides. Because this section is concerned with the rights of Virgin Islands residents as against the Virgin Islands government, however, it is not surprising that Congress did not include the commerce clause in its enumeration of applicable constitutional guarantees.

The commerce clause is an affirmative grant of power to Congress. At the same time, the clause "limits the power of the States to erect barriers against interstate trade." *Lewis v. BT Investment Managers, Inc.,* 447 U.S. 27, 35, 100 S.Ct. 2009, 2015, 64 L.Ed.2d 702 (1980); *see, e.g., Hughes v. Oklahoma,* 441 U.S. 322, 326, 99 S.Ct. 1727, 1731, 60 L.Ed.2d 250 (1979); *H.P. Hood & Sons v. Du Mond,* 336 U.S. 525, 534–38, 69 S.Ct. 657, 662–65, 93 L.Ed. 865 (1949). The commerce clause thus serves to protect national power against encroachment from local governments. *See, e.g., South-Central Timber Development, Inc. v. Wunnicke,* 467 U.S. 82, 92, 104 S.Ct. 2237, 2242–43, 81 L.Ed.2d 71 (1984).

We do not believe that Congress's silence in the Revised Organic Act leads to the conclusion that the clause does not restrict the powers of the Virgin Islands government. The Supreme Court has consistently required that Congress express its intention to insulate state legislation from a commerce clause attack before the Court will uphold the legislation. *See, e.g., South-Central Timber Development, supra,* 467 U.S. at 88–90, 104 S.Ct. at 2240–42, 81 L.Ed.2d 71 and cases cited therein. That the Virgin Islands is an unincorporated territory is of no consequence in terms of the constitution's grant of affirmative power to Congress to regulate interstate commerce. *See Sea-Land Services, Inc. v. Municipality of San Juan,* 505 F.Supp. 533, 544–45 (D.P.R.1980); *Duty Free Shoppers, Ltd. v. Commissioner,* 464 F.Supp. 730, 734 (D.Guam 1979).

The Virgin Islands urges us to follow *Buscaglia v. Ballester,* 162 F.2d 805 (1st Cir.1947), in which the court found that the

---

**4.** *See Virgo Corporation v. Paiewonsky,* 384 F.2d 569, 582 (3d Cir.1967) (excise tax imposed on production of watches does not violate the commerce clause); *Port Construction Co. v. Government of the Virgin Islands,* 359 F.2d 663, 665 (3d Cir.1966) (gross receipt tax does not violate the commerce clause); *Southerland v. St. Croix Taxicab Assn.,* 315 F.2d 364, 368–69 (3d Cir. 1963) (franchise agreement between the government and a taxicab association is invalid under the commerce clause).

commerce clause did not apply to Puerto Rico. The court reasoned that because Congress has the comprehensive power to regulate territories under the territorial clause, Art. IV, § 3, cl. 2, the powers granted to Congress by the commerce clause are unnecessary when dealing with a territory.

We do not find the *Buscaglia* court's reasoning persuasive. It does not follow from the fact Congress has the power to regulate the territories that the powers conferred on Congress by the commerce clause are not applicable to unincorporated territories. Moreover, it is worth noting that the effect of countenancing the Virgin Islands' argument is that an unincorporated territory would have more power over commerce than the states possess.

We conclude that the powers granted to Congress by the commerce clause are implicit in the territorial clause. *See Sea-Land Services, supra,* 505 F.Supp. at 545. We hold, therefore, that the commerce clause applies to the Virgin Islands, absent an express statement to the contrary from Congress.

### C.

The Virgin Islands contends that even if the commerce clause does apply to the Virgin Islands, the excise tax may not be challenged under the commerce clause because Congress has given express authorization for the tax. It is well established that "Congress may 'redefine the distribution of power over interstate commerce' by 'permit[ting] the states to regulate the commerce in a manner which would otherwise not be permissible.'" *See South-Central Timber Development, Inc., supra,* 467 U.S. at 87–88, 104 S.Ct. at 2240, 81 L.Ed.2d 71, quoting *Southern Pacific Co. v. Arizona,* 325 U.S. 761, 769, 65 S.Ct. 1515, 1520, 89 L.Ed. 1915 (1945). In order to find such authorization, Congress must have "'expressly stated its intent and policy' to sustain state legislation from attack under the Commerce Clause." *New England Power Co. v. New Hampshire,* 455 U.S. 331, 343, 102 S.Ct. 1096, 1102, 71 L.Ed.2d 188 (1982), quoting *Prudential Ins. Co. v. Benjamin,* 328 U.S. 408, 427, 66 S.Ct. 1142, 1154, 90

L.Ed. 1342 (1946). Moreover, the statement of congressional intent must be unambiguous. *Maine v. Taylor,* 477 U.S. 131, 106 S.Ct. 2440, 2448, 91 L.Ed.2d 110 (1986).

The Virgin Islands argues that Congress authorized the challenged tax in Public Law 96–205, enacted in 1980. This statute provides:

> Any excise taxes levied by the Legislature of the Virgin Islands may be levied and collected as the Legislature of the Virgin Islands may direct as soon as the articles, goods, merchandise and commodities subject to said tax are brought into the Virgin Islands.

Authorization Appropriation-Insular Areas of the United States, Act of March 12, 1980, Title IV, § 405, 94 Stat. 89. In 1982 this statute was amended to provide for the assistance of United States Customs and Postal Services officials in the collection of such excise taxes. Act of October 19, 1982, Title III, § 302, Pub.L. 97–357, 96 Stat. 1709. The Senate Report to the 1982 amendment explained the purpose of the statute as follows:

> The need for [this] provision arose as a result of section 405 of Public Law 96–205 *which authorized the Virgin Islands to levy excise taxes on goods at the point at which the goods entered the territory.* Officials of the Virgin Islands requested assistance from the Postal Service for permission to take down the names and addresses from packages.... To clarify that the authorization is directed at those excise taxes levied on goods at the time they are brought into the territory, the amendment modifies the language of S. 1674 to refer directly to section 405 of Public Law 96–205.

S.Rep. No. 97–372, 97th Cong., 2d Sess., *reprinted in* 1982 U.S.Code Cong. & Admin.News 3278, 3281 (emphasis added).

The Virgin Islands also relies on the following statement by Senator Johnston for support that Congress authorized the imposition of the excise tax.

> The next amendment offered by the House would provide specifically that the Virgin Islands may levy excise taxes on

articles as soon as they are brought into the Virgin Islands. This authority already exists and has existed so long as the Virgin Islands has been authorized to collect excise taxes. The amendment is offered only to prevent needless litigation and confirm the already authorized powers of the Virgin Islands government.

126 Cong. Record 114 (February 28, 1980).

■ We agree with the district court that the fact Congress has authorized the imposition of excise tax on goods at the time they are imported does not "constitute[ ] persuasive evidence that Congress consented to the unilateral imposition of unreasonable burdens on commerce." *Sporhase v. Nebraska*, 458 U.S. 941, 960, 102 S.Ct. 3456, 3466, 73 L.Ed.2d 1254 (1982). The statute relied on by the Virgin Islands may be read as merely providing authorization for the collection of taxes when the goods are imported.

There simply is no indication from the legislative history that Congress intended Public Law 96–205 "to alter the limits of state power otherwise imposed by the commerce clause." *Maine v. Taylor, supra*, 477 U.S. at __, 106 S.Ct. at 2448, 91 L.Ed.2d 110, quoting *United States v. Public Utilities Comm'n of California*, 345 U.S. 295, 304, 73 S.Ct. 706, 712, 97 L.Ed. 1020 (1953). Because an "unambiguous indication of congressional intent is required before a federal statute will be read to authorize otherwise invalid state legislation," *Maine v. Taylor, supra*, 477 U.S. at ──, 106 S.Ct. at 2448, 91 L.Ed.2d 110, we cannot conclude that Congress exempted the excise tax from a constitutional challenge.

#### D.

■ Having decided that the commerce clause applies to the Virgin Islands and that Congress has not exempted the excise tax from a commerce clause challenge, we must next decide whether the excise tax does in fact violate the commerce clause. "A cardinal rule of Commerce Clause jurisprudence is that '[n]o State, consistent with the Commerce clause, may "impose a tax

which discriminates against interstate commerce ... by providing a direct commercial advantage to local business." ' " *Bacchus, supra*, 468 U.S. at 268, 104 S.Ct. at 3053, 82 L.Ed.2d 200, quoting *Boston Stock Exchange v. State Comm'n*, 429 U.S. 318, 329, 97 S.Ct. 599, 607, 50 L.Ed.2d 514 (1977), quoting *Northwestern States Portland Cement Co. v. Minnesota*, 358 U.S. 450, 458, 79 S.Ct. 357, 362, 3 L.Ed.2d 421 (1959). The Virgin Islands argues that the excise tax is constitutional because the tax applies only to Virgin Island merchants and therefore does not burden interstate commerce.

This argument is without merit. In *Bacchus*, the Supreme Court held that Hawaii's twenty percent tax on liquor sales that exempted the sale of certain locally-produced liquors violated the commerce clause. First, the court found that the effect of the exemption was "clearly discriminatory, in that it applies only to locally produced beverages." *Bacchus, supra*, 468 U.S. at 271, 104 S.Ct. at 3055, 82 L.Ed.2d 200. Second, the Court rejected the contention that the exemption was not discriminatory because the burden of the tax was borne by Hawaiian consumers. Because the Hawaiian legislature attempted to bolster local industry by imposing a discriminatory tax on imported goods, the Court concluded that the exemption violated the commerce clause.

In this case, as in *Bacchus*, the only asserted reason for the excise tax is to encourage local industry. 593 F.Supp. at 206. Although this is a legitimate goal, *Bacchus, supra*, 468 U.S. at 271, 104 S.Ct. at 3055, 82 L.Ed.2d 200, the State may not pursue this goal in a way that has a discriminatory effect on goods from other states. *See Walling v. Michigan*, 116 U.S. 446, 455, 6 S.Ct. 454, 457, 29 L.Ed. 691 (1886). Moreover, it is irrelevant that the burden falls on Virgin Islands merchants and consumers because the tax clearly "favor[s] local businesses over out-of-state businesses" by imposing a tax only on imported goods. *Bacchus, supra*, 468 U.S. at 272, 104 S.Ct. at 3055, 82 L.Ed.2d 200.

The excise tax has the purpose and effect of making state-side goods more expensive in order to stimulate the local economy. As the district court noted, "[w]e are hard pressed to imagine a taxing scheme more patently violative of the Commerce Clause than the one before us." 593 F.Supp. at 206. Because the challenged excise tax has a discriminatory purpose and effect, we hold that it violates the commerce clause of the United States Constitution.[5]

### III.

The judgment of the district court will, therefore, be affirmed.

**5.** Because we conclude that the tax violates the commerce clause, it is unnecessary for us to address the Virgin Island's argument that the district court erred in concluding that the import/export clause applies to the Virgin Islands. *See Bacchus, supra,* 468 U.S. at 273 n. 11, 104 S.Ct. at 3056 n. 11, 82 L.Ed.2d 200.