852 F.2d 66
 JDS REALTY CORPORATION, formerly known as West Indies Corporation
v.
GOVERNMENT OF THE VIRGIN ISLANDS and Leroy A. Quinn.
Appeal of GOVERNMENT OF THE VIRGIN ISLANDS and Anthony
Olive, Director of Internal Revenue.
 No. 86-3455.
 United States Court of Appeals,
Third Circuit.
 Submitted April 15, 1988.
Decided July 18, 1988.
 
 Godfrey R. de Castro, Atty. Gen., Rosalie Simmonds Ballentine, Sol. Gen., Joanne E. Bozzuto, Asst. Atty. Gen., Dept. of Justice, Charlotte Amalie, St. Thomas, V.I., for appellants.
 Arthur Pomerantz, Pomerantz, Shelby and Hurd, Charlotte Amalie, St. Thomas, V.I., for appellee.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before SEITZ, HIGGINBOTHAM, and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is the decision of this court after the Supreme Court of the United States granted a writ of certiorari, vacated our judgment and remanded the case to us to consider the question of mootness.
 
 
 2
 JDS Realty Corporation filed an action in the District Court of the Virgin Islands against the Government of the Virgin Islands and its Director of Internal Revenue, alleging that a certain excise tax enacted by that Government violated the commerce clause as well as certain other clauses of the Constitution of the United States, as applied to the Virgin Islands through the Revised Organic Act of the Virgin Islands, 48 U.S.C.A. Sec. 1561 (Supp.1987).
 
 
 3
 The district court held, inter alia, that the commerce clause applied to the Virgin Islands and its application required the invalidation of the excise tax in question. However, the district court denied damages because it concluded that JDS had passed the burden of the excise taxes on to its customers. (593 F.Supp. 199.)
 
 
 4
 On the government's appeal, this court affirmed the commerce clause ruling of the district court. JDS Realty Corp. v. Government of the Virgin Islands, 824 F.2d 256 (3d Cir.1987). JDS appealed the denial of damages, and we affirmed by a judgment order.
 
 
 5
 Thereafter, the Government of the Virgin Islands and the Director filed a petition for certiorari attacking this court's commerce clause determination. The Supreme Court vacated our judgment and directed us to consider whether the case had become moot. --- U.S. ----, 108 S.Ct. 687, 98 L.Ed.2d 640 (1988). We then afforded the parties an opportunity to comment on the mootness issue.
 
 
 6
 We think it must be said that when monetary relief was ultimately denied, this appeal became moot. The government notes that there are other claims pending against it that may not be subject to the mootness defense. We do not think that probability negates the mootness of this appeal.
 
 
 7
 No relief is now possible in this case, and it must be dismissed as moot.
 
 
 8
 The final order of the district court will be vacated with instructions to the district court to dismiss the action. United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).
 
 
 9
 No costs will be taxed.