Robert Anthony MOLLOY

v.

The GOVERNMENT OF THE
VIRGIN ISLANDS, et al.

Civil Action No. 2006–51.

District Court, Virgin Islands,
St. Croix Division.

July 25, 2007.

Jeffrey B. Moorehead, Jeffrey B.C. Moorehead, P.C., St. Croix, VI, for Robert Anthony Molloy.

Melvin H. Evans, Jr., Aquannette Y. Chinnery, Department of Justice, St. Croix, VI, for The Government of the Virgin Islands, et al.

## MEMORANDUM

BARTLE III, Chief Judge.

Plaintiff, Robert Anthony Molloy, challenges the constitutionality of the Virgin Islands personal use tax. He seeks declaratory and injunctive relief, as well as a refund of the taxes paid.

█ He now moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The underlying facts are not in dispute.[1] In August, 2005, Molloy relo-

---

1. The defendants have advised the court that they did not intend to file a brief in opposition to plaintiff's motion for summary judgment.

Under Rule 56(c), we must determine whether summary judgment is appropriated even if no opposition is filed. *See Anchorage Assoc.*

cated from Virginia to St. Croix in the Virgin Islands. He brought with him his two vehicles, a 2004 Acura MDX sport utility vehicle ("Acura") and a 2004 Nissan Quest minivan ("Nissan"). Upon their arrival into the Virgin Islands, plaintiff, through his sister, paid a personal use tax of $1,187.60 for the Acura. He also paid $880 for the Nissan. Each tax was calculated on the basis of 4% of their value over $1,000. In January, 2006, Molloy imported special floor tiles to complete the construction of his basketball court and incurred a personal use tax in the amount of $297.53. He has timely and properly submitted a notice of intention to file claims for refunds under 33 V.I.C. §§ 3409–10.

The Virgin Islands personal use tax is set forth in 33 V.I.C. § 60. It provides:
(a) Every individual shall pay a personal use tax on all articles, goods, merchandise or commodities brought into the Virgin Islands for personal use and valued, based on the invoice, over $1,000.
(b) The tax authorized under this section shall be at a rate of 4% of the value of all articles, goods, merchandise or commodities over $1,000.

■ Molloy first contends that the tax violates the Commerce Clause of the United States Constitution, which states that "The Congress shall have the Power ... To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. This clause not only contains an affirmative grant of power to Congress but also limits the power of the states. The so-called dormant Commerce Clause prohibits the states from unduly burdening or discriminating against interstate or foreign commerce. *See Lewis v. BT Inv. Managers, Inc.,* 447 U.S. 27, 35–36, 100 S.Ct. 2009, 64 L.Ed.2d 702 (1980); *Com-*

*plete Auto Transit, Inc. v. Brady,* 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977). The states may not "erect barriers against interstate trade." *Lewis,* 447 U.S. at 36, 100 S.Ct. 2009. As the Supreme Court explained in *Freeman v. Hewit,* 329 U.S. 249, 252, 67 S.Ct. 274, 91 L.Ed. 265 (1946), "the Commerce Clause was not merely an authorization to Congress to enact laws for the protection and encouragement of commerce among the States, but by its own force created an area of trade free from interference by the States.... [T]he Commerce Clause even without implementing legislation by Congress is a limitation upon the power of the States."

■ The Virgin Islands is an unincorporated territory of the United States and not all constitutional provisions apply to it. 48 U.S.C. § 1541(a); *Polychrome Int'l Corp. v. Krigger,* 5 F.3d 1522, 1534–35 (3d Cir.1993). Our Court of Appeals has not specifically decided whether the Commerce Clause itself is applicable to the Virgin Islands. Nonetheless, it has ruled that Commerce Clause principles are implicit in the Territorial Clause of the Constitution, which provides that "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other property belonging to the United States." U.S. Const. art. IV, § 3, cl. 2; *Polychrome,* 5 F.3d at 1534–35. *See also, JDS Realty Corp. v. Government of the Virgin Islands,* 824 F.2d 256, 258–60 (3d Cir.1987) *vacated and remanded to consider mootness,* 484 U.S. 999, 108 S.Ct. 687, 98 L.Ed.2d 640 (1988), *vacated as moot,* 852 F.2d 66 (3d Cir.1988). Thus, the Commerce Clause principles including their dormant ramifications as applied to the states are equally applicable to the Virgin Islands.

*v. Virgin Islands Bd. of Tax Review,* 922 F.2d 168, 175 (3d Cir.1990).

It is well settled that a state tax which advantages local business or commerce, in purpose or effect, at the expense of out-of-state interests violates the Commerce Clause. *Bacchus Imps. Ltd. v. Dias,* 468 U.S. 263, 265–73, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984). This is precisely the effect of the Virgin Islands personal use tax. It imposes a 4% tax on the value above $1,000 of articles or goods an individual brings into the territory for personal use. Had Molloy purchased his vehicles or the floor tiles in the Virgin Islands, no tax would have been levied. The tax favors local businesses by sparing their merchandise sold within the territory and interferes with the free flow of goods across territorial boundaries. The legislature of the Virgin Islands, in enacting this tax, was engaging in prohibited economic protectionism. *Id.* at 272–73, 104 S.Ct. 3049.

The facts presented here are similar to those faced by the Supreme Court in *Bacchus.* There, the legislature of Hawaii had enacted a 20% excise tax on sales of liquor at wholesale but exempted a certain brandy distilled from an indigenous plant. The Supreme Court struck down the tax as unconstitutional under the Commerce Clause as seeking unfairly to benefit a local industry. It reasoned that the Commerce Clause was adopted to prevent economic protectionism of the sort Hawaii had enacted. *Id.* at 265–73, 104 S.Ct. 3049.

In *Maryland v. Louisiana,* 451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981), Louisiana had passed a First–Use Tax imposed on certain uses of natural gas piped into the state, principally from the Outer Continental Shelf ("OCS"). The Supreme Court held the tax violated the Commerce Clause because Louisiana consumers of OCS gas were "substantially protected against the impact of the First–Use Tax" while OCS gas moving out of the state was "burdened" with the levy. *Id.* at 757–58, 101 S.Ct. 2114. The extent of the discrimination was irrelevant.

Likewise, in *Boston Stock Exch. v. State Tax Comm'n,* 429 U.S. 318, 97 S.Ct. 599, 50 L.Ed.2d 514 (1977), the Supreme Court invalidated a New York tax which favored the sale of securities by the New York Stock Exchange and disfavored sales at out-of-state regional exchanges. It explained that "in the process of competition no State may discriminatorily tax the products manufactured or the business operations performed in any other State." *Id.* at 337, 97 S.Ct. 599.

Supreme Court precedent, when read in conjunction with the Court of Appeals' decision in *Polychrome,* clearly establishes that the Virgin Islands personal use tax violates Commerce Clause principles as incorporated into the Territorial Clause. Thus, we need not address plaintiff's other contentions that the tax also violates the Due Process Clause or the Import/Export Clause of the Constitution.[2]

We declare the Virgin Islands personal use tax, codified at 33 V.I.C. § 60, to be unconstitutional and will enjoin the defendants, The Government of the Virgin Islands and its Director of the Bureau of Internal Revenue, from enforcing it. The defendants shall refund to plaintiff the sum of $2,365.13.

### ORDER

AND NOW, this 25th day of July, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

---

**2.** The Import/Expert Clause provides, "No State shall, without the Consent of Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing its inspection Laws." U.S. Const. art. I, § 10, cl. 2.

(1) the motion of plaintiff Robert Anthony Molloy for summary judgment is GRANTED; and

(2) judgment is entered in favor of the plaintiff Robert Anthony Molloy and against the defendants The Government of the Virgin Islands and Luis Willis, in his official capacity as Director of the Bureau of Internal Revenue, declaring unconstitutional the Virgin Islands personal use tax, codified at 33 V.I.C. § 60, enjoining the said defendants from enforcing the tax, and ordering said defendants to refund to plaintiff Robert Anthony Molloy the tax paid in the sum of $2,365.13.